Andrew STEWART, Plaintiff-Appellant,

v.

P.O. Gary LATTANZI, Donna M. Mills, Hearing Officer, and William J. Brianwell, Commissioner, Defendants-Appellees.

No. 196, Docket 86–2461.

United States Court of Appeals, Second Circuit.

Argued Sept. 10, 1987.

Decided Oct. 26, 1987.

Richard L. Klein, New York City (Wilkie, Farr & Gallagher, New York City, of counsel), for plaintiff-appellant.

Before PRATT and MAHONEY, Circuit Judges, and BRIGHT, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

PER CURIAM:

Andrew Stewart appeals the district court's dismissal of his 42 U.S.C. § 1983 action brought against his parole officer and others involved in Stewart's parole revocation. We vacate the judgment of dismissal and remand for further proceedings.

## I. BACKGROUND

Andrew Stewart, a prisoner at the Great Meadow Correctional Facility, brought this action *pro se* against Gary Lattanzi, Stewart's state parole officer, Donna M. Mills, a New York State parole hearing officer, and William J. Brianwell, Parole Commissioner for the State of New York under 42 U.S.C. § 1983, seeking injunctive relief and damages. Stewart asserts that Lattanzi gave false accusations and testimony regarding a parole violation. Mills and Brianwell accepted Lattanzi's testimony resulting in revocation of Stewart's parole. Lattanzi and Mills recommended a sentence of sixteen years, but Commissioner Brianwell eventually imposed a four-year term of imprisonment. The district court *sua sponte* dismissed the complaint without prejudice for failure to state a claim on grounds that all defendants are entitled to absolute immunity from civil damage awards under section 1983. This appeal followed.

## II. DISCUSSION

The Supreme Court has adopted a functional approach to determine the level of immunity afforded governmental officials. *See Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). If the official acts adjudicatively, the official probably has absolute immunity. If the official acts executively, the official probably has qualified, good-faith immunity. Qualified immunity will be provided if the "conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir.1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). This court has recognized that "absolute immunity is of a 'rare and exceptional character.'" *Barrett v. United States*, 798 F.2d 565, 571 (2d Cir.1986) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 202, 106 S.Ct. 496, 501, 88 L.Ed.2d 507 (1985)); *Dorman v. Higgins*, 821 F.2d 133, 136 (2d Cir.1987).

This court looks at the function of the individual in determining the appropriate level of immunity given a government official. In this case, the appellant contends that the district court erred in determining, without any proof of function, that the defendants, parole officer, hearing officer and parole official, were automatically entitled to absolute immunity. This assertion has validity. Some factual inquiry must be made to determine whether the duties of the defendants were judicial or prosecutorial in nature entitling them, or any of them, to absolute immunity. Alternatively, this factual inquiry may show their duties to be administrative in nature, entitling the defendants to qualified immunity. *See Anderson v. New York State Div. of Parole*, 546 F.Supp. 816 (S.D.N.Y. 1982).

While the district court's determination that absolute immunity applies in this case may well turn out to be correct, the appellant is entitled to an opportunity to show that defendants do not enjoy absolute immunity or, indeed, that one or more of them did not in fact act in a judicial or prosecutorial capacity. Moreover, the appellant presents a claim for injunctive relief that transcends the immunity privileges of defendants.

The determination whether this claim has merit or not must await some response from the state. *Massop v. Coughlin*, 770

**14**

F.2d 299, 301 (2d Cir.1985). The district court has ruled prematurely in this case.

### III. CONCLUSION

Accordingly, we reverse the district court for the purpose of vacating the judgment of dismissal and remand for further proceedings, as may be appropriate.