**Zane FAIR, Appellant,**

v.

**Gerald FULBRIGHT, Independence County Sheriff, Appellee.**

**No. 87–1977.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 7, 1987.

Decided April 15, 1988.

Rehearing Denied May 5, 1988.

---

Zane Fair, pro se.

James Melton Sayes, Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Zane Fair, appellant, appeals *pro se* from a final order entered in the District Court [1] for the Eastern District of Arkansas granting appellee's motion for summary judgment on appellant's claim under 42 U.S.C. § 1983 that appellee, a county sheriff, had arrested him without probable cause and had deprived him of his liberty without due process. For reversal, appellant argues the district court erred in granting summary judgment in favor of appellee because (1) that there are material issues of fact in dispute, and (2) that the warrants for appellant's arrests were not supported by affidavits. For the reasons discussed below, we affirm.

The following facts are undisputed. On October 1, 1981, the deputy prosecuting attorney of Independence County, Arkansas, David Clark, issued an information charging appellant with defrauding a secured creditor. A bench warrant was issued for appellant's arrest and appellee executed the warrant. On November 17, 1981, Clark dismissed the first information and issued a second information charging

appellant with criminal trespass and criminal mischief. A warrant was issued for appellant's arrest which, again, was executed by appellee.[2] Appellant was convicted in municipal court on the charges in the second information, but on appeal to the circuit court these charges were dismissed.

Thereafter, with counsel's assistance, appellant filed this action alleging that "the basis for each charge was clearly without factual foundation and the arrest by [appellee] was without probable cause ... [and] constituted a violation of the fourteenth amendment." Appellee moved for summary judgment and attached an affidavit signed by Clark. The affidavit stated that the factual basis of the October 1, 1981, information was that appellant had disposed of, assigned or concealed a vehicle repossessed by the sheriff's department pursuant to a judgment against appellant. The affidavit also related that a writ of execution had been served on appellant pursuant to this judgment. After reviewing this factual basis, Clark concluded there was probable cause to issue the information. Clark's affidavit also stated that the factual basis for the November 17, 1981, information was a citizen's complaint. Clark concluded that there appeared to be probable cause to believe appellant committed the acts charged based on this complaint.

In opposition to appellee's motion for summary judgment, appellant offered portions of his own deposition in which appellant elaborated on past and present hostilities between himself and appellee and appellee's family. The district court granted appellee's motion for summary judgment, noting that appellant's deposition did not controvert any relevant facts alleged in Clark's affidavit and that appellee was entitled to judgment as a matter of law because an arrest executed pursuant to a facially valid warrant generally does not give rise to a claim under 42 U.S.C.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. Appellant was not imprisoned following appellee's execution of either bench warrant.

§ 1983.[3]

In his *pro se* appellate brief, appellant argues that summary judgment was erroneously granted because there are material facts in dispute. Appellant also argues that appellee gave false and misleading information to Clark which was then used by Clark to obtain the bench warrants for appellant's arrests and that the warrants were not supported by affidavits. These allegations concerning the warrant procedure were not made before the district court, and are raised for the first time before this court on appeal.

Turning to appellant's first argument, we note that summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Holloway v. Lockhart,* 813 F.2d 874 (8th Cir.1987). In reviewing a grant of summary judgment, this court, like the court below, is required to view the evidence in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences which may be made from the record. *Holloway v. Lockhart,* 813 F.2d at 878. In this case, the district court correctly concluded that appellant's response to the motion for summary judgment did not controvert any relevant fact set forth in Clark's affidavit. Giving appellant the benefit of all reasonable inferences to be drawn from the record, the uncontroverted facts reveal that appellee arrested appellant on two occasions pursuant to facially valid warrants. An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Therefore, the district court properly granted summary judgment in favor of appellee.

Appellant's second argument alleges that appellee gave false information to Clark which was used to obtain the arrest warrants. Because this claim was neither specifically set forth in the complaint nor raised in appellant's response to the motion for summary judgment, we decline to entertain it now. In this posture, we have no idea what defense, if any, appellee would offer to these allegations. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Accordingly, we hold that summary judgment was appropriately granted, and affirm the judgment of the district court.

---

3. The district court also noted that summary judgment in favor of appellee was proper because appellant failed to comply with Local Rule 29(2) which requires the submission of a short and concise statement of material facts as to which the non-moving party contends there is an issue to be tried. The consequence of such an omission is that the court must deem admitted the moving party's statement of facts.