850 F.2d 73
 Jack D. LIFFITON and Kathleen A. Liffiton, Plaintiffs-Appellants,
v.
Karl KEUKER, Assistant Deputy Attorney General, Organized
Crime Task Force State of New York, Jonathan Friedman,
Assistant Deputy Attorney General State of New York, State
of New York Assistant Deputy Attorney General, Richard
Arcara, District Attorney County of Erie, George Quinlan,
Assistant District Attorney County of Erie, County of Erie
State of New York, Salvatore Martoche, United States
Attorney, Michael Brady, Assistant U.S. Attorney, Roger
Williams, Assistant U.S. Attorney, Rodney Personius,
Assistant U.S. Attorney, Philip Smith, Federal Bureau of
Investigation, Steven Naum, Federal Bureau of Investigation,
Glen Reukauf, Federal Bureau of Investigation, Joseph Coyne,
Federal Bureau of Investigation, John McQuigan, Federal
Bureau of Investigation, Marshal Cappelli, District Director
Internal Revenue Service, Vincent DiNatele, Special Agent
Internal Revenue Service, Robert Brauch, Special Agent
Internal Revenue Service, Richard Roszicki, Special Agent,
Department of the Treasurer Internal Revenue Service,
Theodore Kasler, Supreme Court Justice, Kevin Sullivan, Key
Bank, Robert Deemer, Paul Sciabarrasi, Bank of New York,
Defendants-Appellees.
 No. 519, Docket 87-6158.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 11, 1987.
Decided June 21, 1988.
 
 Jack Liffiton, pro se, Getzville, N.Y., for plaintiffs-appellants.
 Alan W. Rubenstein, Asst. Atty. Gen. (Robert Abrams, Atty. Gen. for the State of New York, Peter H. Schiff, Deputy Sol. Gen., William J. Kogan, Asst. Sol. Gen., Albany, N.Y., of counsel), for New York State defendants-appellees.
 Denise E. O'Donnell, Asst. U.S. Atty., Buffalo, N.Y. (Roger P. Williams, U.S. Atty. for W.D.N.Y., of counsel), for U.S. defendants-appellees.
 James S. Marvin (Damon & Morey, Buffalo, N.Y., of counsel), for Bank of New York defendants-appellees.
 Alan P. Gerstman, Asst. Erie County Atty., Buffalo, N.Y. (Judith A. Avent, Erie County Atty., of counsel), for Erie County defendants-appellees.
 Before LUMBARD, OAKES, and PRATT, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 Jack and Kathleen Liffiton filed a complaint pursuant to 42 U.S.C. Sec. 1983, and other federal statutes, against numerous defendants: New York State, a state supreme court justice, and two state prosecutors; Erie County and two of its prosecutors; a federal agency and federal officers; and the Bank of New York and three of its former employees. They alleged that the defendants had violated their civil rights in the conduct of an investigation into their financial dealings and had caused them substantial financial losses. The district court dismissed the complaint against all defendants for failure to state a claim upon which relief may be granted.
 
 
 2
 Because a factual inquiry is necessary to determine whether the prosecutors and investigators named as defendants are entitled to absolute or qualified immunity, we reverse and remand as to them, but affirm as to the other defendants.
 
 
 3
 The Liffitons allege that while conducting a long-term criminal investigation into the plaintiffs' financial activities the defendants, among other things, submitted false affidavits in support of an application for a warrant to wiretap, conducted illegal wiretaps, subpoenaed bank records without authority, and improperly convened two federal grand juries to harass and intimidate the Liffitons and other witnesses. For convenience we will organize our discussion around four groups of defendants.
 
 
 4
 A. New York State Defendants.
 
 
 5
 In this group of defendants we include the State of New York, New York State Supreme Court Justice Theodore Kasler, and Assistant Deputy Attorneys General Karl Keuker and Jonathan Friedman.
 
 
 6
 1. New York State.
 
 
 7
 Since under the eleventh amendment, a federal court lacks jurisdiction over suits for damages brought against the state by one of its citizens, Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1880), we affirm the district court in dismissing the State of New York from the suit.
 
 
 8
 2. Supreme Court Justice Kasler.
 
 
 9
 The only claim against Justice Kasler arises from his authorizing a warrant to wiretap the plaintiffs' telephones. Because issuing a warrant is clearly within his judicial capacity, Justice Kasler enjoys absolute immunity from damage liability for his actions, Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), and this immunity extends to civil rights actions pursuant to 42 U.S.C. Sec. 1983. Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir.1983).
 
 
 10
 3. Assistant Deputy Attorney General Friedman.
 
 
 11
 Lacking specific factual allegations concerning Friedman's personal involvement, a prerequisite for recovery of damages under Sec. 1983, McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977), the complaint was properly dismissed against him.
 
 
 12
 4. Assistant Deputy Attorney General Keuker.
 
 
 13
 In dismissing the complaint against defendant Keuker on the ground that he is entitled to absolute immunity, the district court erred. Prosecutors are entitled to absolute immunity for those activities that are "intimately associated with the judicial phase of the criminal process", Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976), but only to qualified immunity when performing administrative or investigative acts. Taylor v. Kavanaugh, 640 F.2d 450, 452 (2d Cir.1981). To determine which category controls we must make "[a]n examination of the functional nature of prosecutorial behavior rather than the status of the person performing the act". Id. at 452.
 
 
 14
 In this case, Keuker's challenged activities include obtaining and employing allegedly illegal wiretaps; conducting, without authority, a major investigation into the Liffitons' financial affairs; and causing a subpoena to be issued to the Liffitons' bank--all essentially investigative activities for which only qualified immunity would be available. See Powers v. Coe, 728 F.2d 97, 103 (2d Cir.1984).
 
 
 15
 After further factual development it may appear that certain of Keuker's challenged activities were, indeed, prosecutorial in nature and that, as to those claims, Keuker would be entitled to absolute immunity. However, on a motion to dismiss we must accept the allegations as stated in the complaint, and on the basis of these allegations of investigative activity, the most Keuker would be entitled to would be qualified immunity.
 
 
 16
 Qualified immunity is available only if the defendant's actions were objectively reasonable under the legal rules that were clearly applicable at the time of his actions. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). A defense of qualified immunity cannot ordinarily support dismissal under Fed.R.Civ.P. 12(b)(6). Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir.1983). Plaintiffs here allege violations of their constitutional rights and, based on the complaint alone, it does not appear that Keuker's actions were objectively reasonable. Further factual information is necessary, therefore, to determine whether Keuker is entitled to absolute immunity, to qualified immunity, or to no immunity. Therefore, the district court erred in dismissing the complaint at this preliminary stage as it related to Keuker.
 
 
 17
 B. Erie County Defendants.
 
 
 18
 1. Erie County.
 
 
 19
 Erie County, a municipal corporation, cannot be liable under 42 U.S.C. Sec. 1983 absent proof of a municipal policy. Because the complaint does not allege any municipal policy on the part of Erie County that caused the alleged constitutional violations, the district court correctly dismissed the complaint against the county. Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
 
 
 20
 2. District Attorney Arcara and Assistant District Attorney Quinlan.
 
 
 21
 The district court erred, however, in dismissing the complaint against the two remaining county defendants on the ground that, as prosecutors, they are entitled to absolute immunity. Whether or not they are entitled to absolute immunity depends upon the nature of the functions they performed which form the basis for plaintiffs' allegations. The complaint alleges that District Attorney Richard Arcara submitted to Judge Kasler a false application for a warrant to wiretap, that he subsequently applied for an extension of that wiretap, again submitting false affidavits, and that Quinlan was involved with Keuker, Arcara, Kasler, and others in a conspiracy to place an illegal wiretap on the plaintiffs' telephones.
 
 
 22
 These defendants claim absolute immunity, arguing that presenting a wiretap application to the court is a prosecutorial function under Imbler v. Pachtman, 424 U.S. at 430, 96 S.Ct. at 995. They attempt to distinguish Powers v. Coe, 728 F.2d 97, 103 (2d Cir.1984), in which we held that a prosecutor directing illegal wiretapping for an investigative purpose was entitled only to qualified immunity, on the basis that the prosecutor there secured a warrantless wiretap. We do not agree that applying to the court for a wiretap warrant is clearly a prosecutorial function. Further factual inquiry is necessary to determine whether the functions Arcara and Quinlan performed entitle them to absolute immunity. Cf. Stewart v. Lattanzi, 832 F.2d 12, 13 (2d Cir.1987). Even if they are not entitled to absolute immunity, they may be entitled to qualified immunity if their actions were objectively reasonable under clearly established law. Harlow v. Fitzgerald, 457 U.S. at 818, 102 S.Ct. at 2738.
 
 
 23
 Arcara argues that the complaint does not allege that he knew that the affidavits he submitted to Judge Kasler were false, and that, therefore, the complaint does not state a claim against him. However, construing this pro se complaint liberally, as we must, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), we cannot say that the Liffitons can prove no set of facts that would entitle them to relief. Accepting the allegations as true, Arcara and Quinlan conspired with Keuker and others to place an illegal wiretap on the Liffitons' telephones, and Arcara submitted false affidavits in support of the application to Judge Kasler for the wiretap warrant, and subsequently submitted an application for extension of the wiretap, again using false affidavits. Although the complaint does not specify that Arcara submitted the false affidavits "knowingly", the complaint clearly alleges that the wiretaps were illegal because the warrant was issued on the basis of false affidavits, and that Arcara intentionally secured the invalid warrant. Such an action is neither clearly prosecutorial in nature, entitling him to absolute immunity, nor objectively reasonable under clearly established law, entitling him to qualified immunity.
 
 
 24
 Therefore, the complaint states a claim upon which relief may be granted, and the district court erred in dismissing the claims against Arcara and Quinlan.
 
 
 25
 C. Federal Defendants.
 
 
 26
 1. Internal Revenue Service.
 
 
 27
 The district court correctly dismissed the complaint as against the Internal Revenue Service on the basis of sovereign immunity. It is well-settled that the United States is immune from suit except where congress, by specific statute, has waived sovereign immunity, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 693, 69 S.Ct. 1457, 1463, 93 L.Ed. 1628 (1949); as to the I.R.S. no such waiver has been enacted for claims such as these.
 
 
 28
 2. Individual Federal Defendants.
 
 
 29
 The individual federal defendants include five FBI agents, the United States Attorney for the Western District of New York, three Assistant United States Attorneys, the Buffalo district director of the IRS, and three IRS special agents. The district court dismissed the claims for injunctive relief and for damage relief against these defendants on separate grounds. Injunctive relief was sought against these United States officers in their official capacities. The district court held, therefore, that as an unconsented suit against the United States, it is barred by sovereign immunity. However, we have held that "[s]overeign immunity does not bar a suit which seeks to prevent an official of the United States from acting in excess of his statutory authority, from exercising his statutory authority in an unconstitutional manner, or from exercising statutory authority which is itself unconstitutional." MacFarlane v. Grasso, 696 F.2d 217, 225 (2d Cir.1982). See Dugan v. Rank, 372 U.S. 609, 621, 83 S.Ct. 999, 1007, 10 L.Ed.2d 15 (1963). Because the complaint alleges that the federal defendants acted outside of the scope of their statutory authority and outside constitutional limits, the claims for injunctive relief are not barred by sovereign immunity, and were improperly dismissed by the district court.
 
 
 30
 The damages relief sought against the federal defendants in their individual capacities can be entertained as a Bivens action, which is not barred by sovereign immunity, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), but may nevertheless be subject to defenses of absolute or qualified immunity.
 
 
 31
 These individual federal defendants are alleged to have taken actions ranging from conducting intense surveillance of the Liffitons and others for the purpose of harassment to conducting a "bad faith" tax fraud investigation and misusing the grand jury process. Many of the alleged activities relate to the investigative stage of the criminal process and are not, as the defendants claim, "intimately associated with the judicial phase of the criminal process". Imbler v. Pachtman, 424 U.S. at 430, 96 S.Ct. at 995. While the defendants may be entitled to absolute immunity with regard to some of the allegations, they would be entitled only to qualified immunity with regard to most of them. At this stage, however, we cannot tell which doctrine may apply, or if indeed either one applies. For this reason, we remand these claims to the district judge for further factual inquiry. "Some factual inquiry must be made to determine whether the duties of the defendants were * * * prosecutorial in nature entitling them, or any of them, to absolute immunity." Stewart v. Lattanzi, 832 F.2d at 13.
 
 
 32
 Five FBI agents--Philip Smith, Steven Naum, Glen Reukauf, Joseph Coyne, and John McQuigan--and United States Attorney Salvatore Martoche, and Assistant United States Attorneys Roger Williams and Michael Brady are named in the ninth and eleventh causes of action which allege violations of the financial privacy act, 12 U.S.C. Secs. 3401-3422. Section 3417 authorizes such suits only against "agenc[ies] or department[s] of the United States or financial institution[s]", 12 U.S.C. Sec. 3417(a), and not against individual agents or employees. Consequently, these claims, as alleged against individuals, were properly dismissed.
 
 
 33
 The district court noted that no return of service had been filed to establish service upon the United States Attorney General, as required by Fed.R.Civ.P. 4(d)(5) but, instead of deciding the question of service, the district court reached the merits. On remand, the district court may wish to examine further the question of service on the federal officers and agencies.
 
 
 34
 D. Private Defendants.
 
 
 35
 The complaint also names private defendants: The Bank of New York (incorrectly named as Bank of New York Western), and three former employees of the bank, Kevin Sullivan, Robert Deemer, and Paul Sciabarrasi. These private defendants were named only in the plaintiffs' eleventh cause of action, which alleges violations of the federal Right to Financial Privacy Act, 12 U.S.C. Secs. 3401-3422.
 
 
 36
 1. Bank Employees Sullivan, Deemer, and Sciabarrasi.
 
 
 37
 The district court correctly dismissed the Liffitons' claims against Sullivan, Deemer, and Sciabarrasi, because the Financial Privacy Act does not impose civil liability upon individual officers, employees or agents of financial institutions. The act imposes civil liability only against "[a]ny agency or department of the United States or financial institution". 12 U.S.C. Sec. 3417(a). Plaintiffs allege no other identifiable claims against these individual defendants; their vague assertion that these private individuals "conspired with" government officials to violate the plaintiffs' constitutional rights, does not adequately state a claim upon which relief may be granted.
 
 
 38
 2. The Bank of New York.
 
 
 39
 The district court incorrectly dismissed the complaint against the bank. The complaint alleges that the "Bank of New York furnished to Agents of the FBI financial information about the Plaintiffs outside the scope of a previously received subpoena". The district court found that "Any disclosure of financial information pertaining to the plaintiffs by this defendant to any of the co-defendants named in the complaint was done in good faith and in reliance on the proper certification of the government authorities." However, when deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the allegations in the complaint must be accepted as true, and the bank's defense, that it produced financial records only in reliance on proper certification by the government agents, as required by 12 U.S.C. Sec. 3403(b), cannot be considered. Therefore, this complaint does state a claim upon which relief may be granted against the Bank of New York.
 
 CONCLUSION
 
 40
 The judgment of the district court is affirmed insofar as it dismissed the complaint as against the IRS, the State of New York, Supreme Court Justice Kasler, Assistant Deputy Attorney General Friedman, Erie County, and bank employees Sullivan, Deemer, and Sciabarrasi.
 
 
 41
 As to the remaining defendants--Assistant Deputy Attorney General Keuker, District Attorney Arcara, Assistant District Attorney Quinlan, U.S. Attorney Martoche, AUSAs Brady, Williams, and Personius, FBI agents Smith, Naum, Reukauf, Coyne, and Roszicki, and The Bank of New York--the judgment is reversed, and the case is remanded for further proceedings.