Larry D. **MOISER**, Appellee,

v.

Coreen M. **BLUM**, Appellant.

**Dick D. Moore, Bill E. Duncan, Cranston J. Mitchell, Wilbur C. Kirchner, Victoria C. Myers and Carolyn T. Atkins.**

No. 88–2151.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1989.

Decided May 24, 1989.

Gary L. Gardner, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

Susan Ryan–Haupt, Clayton, Mo., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Coreen M. Blum appeals from the order of the District Court denying her motion for summary judgment on the basis of qualified immunity. We reverse.

## I.

On May 18, 1976, Larry Moiser was sentenced in Missouri to concurrent terms totaling twelve years for several felony convictions. The sentence included a five-year term for the sale of heroin. On September 15, 1981, Moiser was released on parole. The Parole Board's Order of Release set the term of Moiser's parole supervision to end on February 20, 1993.[1]

On May 15, 1985, Moiser was arrested by Coreen Blum, a Missouri probation and parole officer, for violation of his parole. Moiser was incarcerated until June 18, 1985, when parole officials discovered that Moiser was actually only subject to parole supervision until February 20, 1985, because he had already served his five-year sentence for the sale of heroin.

Moiser then filed this 42 U.S.C. § 1983 complaint against Blum, in both her individual and official capacities, as well as against various members of the Missouri Board of Probation and Parole, also in their individual and official capacities. In Count I, Moiser alleged that the Parole Board members violated his constitutional rights by unlawfully extending his term of parole an additional five years to February 1993. In Count II, he asserted a claim against Blum, in both her individual and official capacities, alleging that she "maliciously" issued a Probation and Parole Violation Warrant for his arrest without proper jurisdiction. Moiser alleged that as a result of defendants' unlawful conduct, he was incarcerated for thirty-four days, deprived of his freedom to be with his wife and child and his hospitalized mother, and suffered out-of-pocket expenses as well as mental anguish.

All the defendants moved for summary judgment. The Parole Board members invoked eleventh amendment immunity in their official capacity and absolute immunity in their individual capacity, claiming they were not liable for their actions "in deciding to grant, deny, or revoke parole." *See Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir.1983). Blum claimed eleventh amendment immunity in her official capacity and qualified immunity in her individual capacity on the ground that her actions were reasonable when assessed in light of the legal rules that were "clearly established" at the time. *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). In support of

---

1. Apparently, the release date was set pursuant to Mo.Rev.Stat. § 195.221 (1978) (repealed 1984) which provided in pertinent part as follows:

    [I]f the board of probation and parole releases any person from a state penal institution who was convicted of selling, giving, or delivering a controlled substance ... the period of parole shall be for not less than the completion of the original sentence plus five years.

her motion, Blum submitted the parole release form and two parole violation reports. In opposition to Blum's motion, Moiser again asserted that Blum intentionally deprived him of his liberty, and that she should have realized that the Parole Board erred in extending his parole until February 20, 1993.

The District Court concluded that all the defendants were entitled to eleventh amendment immunity in their official capacities. *See Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). The district court also concluded that the Parole Board members were entitled to absolute immunity in their individual capacities because the actions complained of fell within the scope of their official duties. *See Evans v. Dillahunty*, 711 F.2d at 831.

The district court concluded, however, that Blum was not entitled as a matter of law to qualified immunity in her individual capacity because Moiser alleged that Blum intentionally deprived him of his rights. Blum now appeals this aspect of the district court's order,[2] arguing that she is entitled to qualified immunity because she reasonably relied on a facially valid order of release.

## II.

Whether a government official may be held personally liable for an allegedly unlawful action turns on the " 'objective legal reasonableness' of the action in light of the legal rules that were 'clearly established' at the time." *Anderson v. Creighton*, 107 S.Ct. at 3038 (quoting and interpreting *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982)). Qualified immunity is a question of law, *Mitchell v. Forsyth*, 472 U.S. 511, 527–29, 105 S.Ct. 2806, 2816–17, 86 L.Ed.2d 411 (1985), and a public official does not lose his or her qualified immunity merely because his or her conduct violates some statutory provision. *Davis v. Scherer*, 468

U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984).

In the present case, the violation reports submitted by Blum contain sufficient evidence to show that Moiser would have been in violation of his parole had he been subject to jurisdiction; therefore, the only question is whether it was objectively reasonable for Blum to rely on the incorrect release form in light of the law at the time.

The Parole Board's release form is facially valid. We conclude that Blum is therefore entitled to qualified immunity. In reaching that conclusion, we are guided by false arrest cases holding that "[a]n arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir.1988) (per curiam) (citing *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Although Blum "intentionally" deprived Moiser of his liberty in that Blum's acts were voluntary, Moiser has not set forth specific facts showing that there is a genuine dispute on the issue of whether Blum intended to violate his rights. *See generally* Fed.R.Civ.P. 56(c). Accordingly, we hold that Blum was entitled to summary judgment on the ground of qualified immunity. *See Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir.1988) (district court should have granted summary judgment motion on basis of qualified immunity because plaintiff failed to produce sufficient evidence to support his conspiracy claim).

## III.

We reverse the order of the District Court insofar as it denied Blum's motion for summary judgment and we remand with instructions that the District Court enter summary judgment in favor of Blum in her individual capacity on the basis of qualified immunity.

---

**2.** A district court's denial of a claim of qualified immunity is an immediately appealable final decision within the meaning of 28 U.S.C.

§ 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985).