50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Murray Eugene FIELDS, II, Plaintiff-Appellant,
v.
Robert McCANNALLY, Defendant-Appellee.
 No. 94-15460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided March 20, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fields appeals the district court's summary judgment for probation officer Robert McCannally in Field's 42 U.S.C. Sec. 1983 action for alleged violations of his Eighth Amendment rights while on parole. Fields' complaint asserts that McCannally was deliberately indifferent to his medical needs in violation of the Eighth Amendment prohibition against cruel and usual punishment by ordering him to stop medical treatment for manic-depression. The district court concluded that: (1) Fields failed to state a Sec. 1983 claim; and (2) even if Fields' complaint stated a cognizable claim, he failed to present sufficient evidence to create a genuine issue of material fact. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 4
 This case presents the novel question of whether a probationer has an Eighth Amendment right to be free from a probation officer's deliberate indifference to his medical needs. We do not reach the issue, however, because we hold that even assuming Fields' complaint states a Sec. 1983 claim, the doctrine of qualified immunity insulates McCannally from individual liability.
 
 
 5
 "Government officials performing discretionary functions enjoy qualified immunity from civil damages so long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312, 1314 (9th Cir.1989) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A plaintiff has the burden to prove that the right allegedly violated by the defendant was clearly established at the time of the asserted misconduct. Baker v. Racansky, 887 F.2d 183, 186 (9th Cir.1989).
 
 
 6
 As a probation officer, McCannally enjoys qualified immunity from civil damages arising from the performance of official duties. See, e.g., Moiser v. Blum, 875 F.2d 202, 203-04 (8th Cir.1989); Stewart v. Lattanzi, 832 F.2d 12, 13 (2d Cir.1987); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir.1986). There is no dispute that Fields' allegations relate to the performance of McCannally's duties as his assigned probation officer. The qualified immunity inquiry therefore turns on whether Fields' allegations implicate a "clearly established right[ ] ... of which a reasonable person would have known. F.E. Trotter, 869 F.2d at 1314 (quoting Harlow, 457 U.S. at 818).
 
 
 7
 Neither party has cited authority for the proposition that the Eighth Amendment protects probationers against deliberate indifference to serious medical needs following release from prison. Nor has our research produced any. Therefore, even if we were to recognize such a right, McCannally is protected by the doctrine of qualified immunity from personal liability because no such right was "clearly established" at the time of the alleged misconduct. Id.
 
 
 8
 Lastly, Fields contends that the district court abridged his due process and equal protection rights by basing its order on "misinformation." Fields did not raise these issues before the district court. We will not ordinarily entertain issues for the first time on appeal. United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3