21-1868-cv
*Goncharuk v. IRS*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

IRINA GONCHARUK,

    *Plaintiff-Appellant*,        21-1868-cv

    v.

INTERNAL REVENUE SERVICE,

    *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**    Irina Goncharuk, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**    No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 1, 2021 judgment of the District Court be and hereby is **AFFIRMED.**

1

Plaintiff Irina Goncharuk, *pro se*, filed suit against the Internal Revenue Service ("IRS") in the District Court alleging violations of her civil rights. Plaintiff's allegations appear to be that she was the victim of a scam in which an individual claiming to be an officer of the Federal Reserve called Plaintiff and convinced her to withdraw funds from her bank account, convert them to cryptocurrencies, and transfer the money to the perpetrators of the scam. We construe these pleadings liberally, interpreting them to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The District Court dismissed Plaintiff's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). We review such a dismissal *de novo. Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

The District Court correctly concluded that the IRS is not a proper defendant because claims against it are barred by sovereign immunity. *See Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988) (affirming dismissal of a suit raising constitutional claims against the IRS for lack of jurisdiction based on sovereign immunity). To the extent Plaintiff attempts to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such a claim must be brought against individual officers, not federal agencies. *See Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (en banc). But even liberally construed, Plaintiff's complaint fails to provide a plausible basis to conclude that any federal officer was actually involved. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 681–82 (2009) (holding allegations of intentional denial of constitutional rights insufficient to state plausible claim in light of more likely alternative explanation for challenged conduct).

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 1, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court