Martin A. LEHMAN, Plaintiff,

v.

Barbara KORNBLAU, individually and in her official capacity as an Assistant District Attorney of Nassau County, Dennis E. Dillon, individually and in his official capacity as District Attorney of Nassau County, Francis D. Quigley, individually and in his official capacity in the Nassau County District Attorney's Office, Robert L. Emmons, individually and in his official capacity in the Nassau County District Attorney's Office, Rodolfo Barrio, individually and in his official capacity as a Nassau County Police Officer, Joseph Molinelli, Mary Flynn, County of Nassau, and United States Postal Service, Defendants.

No. CV 99–6517(ADS).

United States District Court,
E.D. New York.

March 8, 2001.

Martin A. Lehman, West Hempstead, NY, pro se.

Alfred F. Samenga, Office of the County Attorney, County of Nassau, Mineola, NY, by Louis F. Chisari, Deputy County Attorney, for Barbara Kornblau, Dennis Dillon, Francis D. Quigley, Robert L. Emmons, Rodolfo Barrio, J. Algieri, George V. Cats, County of Nassau.

Joseph Molinelli, Shirley, NY, pro se.

Loretta Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, by Paul Kaufman, Assistant United States Attorney, for Mary Flynn, John Doe, United States Postal Service.

Stockman Wallach Lentz & Garnell, LLP, New York City, by Roger A. Goodnough, of counsel, for George Roberts, Scott Jaffer, Atlantic Mutual Insurance Company.

Linda Farrell, Morris Plains, NJ, pro se.

Savona & Scully, New York City, by Joseph F.X. Savona, Raymond M. D'Erasmo, of counsel, for Phillip T. Blessinger, National Insurance Crime Bureau, CIGNA Insurance Company.

Goldman & Grossman, New York City, by Eleanor R. Goldman, of counsel, for Daphne J. Stasca, Sunnydale Farms Company.

Lester Schwab Katz & Dwyer, New York City, by Thomas A. Catalano, of counsel, for Zurich American Insurance Company.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This lawsuit arises out of a claim by Martin A. Lehman (the "plaintiff," or "the doctor"), an orthopedic surgeon in Nassau County, that the defendants, Barbara Kornblau ("Kornblau"), Dennis Dillon ("Dillon"), Francis D. Quigley ("Quigley"), Robert L. Emmons ("Emmons") Rodolfo Barrio ("Barrio"), J. Algieri ("Algieri"), the County of Nassau ("County") (collectively, the "County defendants"), Mary Flynn ("Flynn"), John Doe ("Doe"), the United States Postal Service ("Postal Service") (collectively, the "Postal Service defendants"), George Roberts ("Roberts"), Scott Jaffer ("Jaffer"), the Atlantic Mutual Insurance Company ("Atlantic") (collectively, the "Atlantic defendants"), Phillip T. Blessinger ("Blessinger"), the National Insurance Crime Bureau ("NICB") (collectively, the "NICB defendants"), Daphne J. Stasca ("Stasca"), Sunnydale Farms Company ("Sunnydale") (collectively, the "Sunnydale defendants"), Zurich American Insurance Company ("Zurich"), CIGNA Insurance Company ("CIGNA"), Joseph Molinelli ("Molinelli"), and Linda Farrell ("Farrell") conspired to maliciously prosecute him for insurance fraud. Presently before the Court are motions to dismiss the complaint by the County defendants, the Postal Service defendants, the Atlantic defendants, the Sunnydale defendants, and Zurich.

## I. BACKGROUND

The following facts are taken from the complaint. In December 1995, defendant Kornblau, an Assistant District Attorney ("A.D.A.") in the Nassau County District Attorney's Office ("D.A.'s Office") held a meeting where a plan to entrap and maliciously prosecute the plaintiff was hatched. The meeting was held under the supervision of Dillon, the Nassau County District Attorney, A.D.A. Quigley, and A.D.A. Emmons, all of whom were employed by the County. Other people who attended the meeting included: Barrio, who is a detective in the Nassau County Police Department, Molinelli, who the plaintiff contends was a convicted felon and confidential informant, Jaffer, who is a Worker's Compensation Coordinator at Atlantic, Stasca, who is an officer at Sunnydale, and an unnamed representative of the NICB. The

plaintiff alleges that at this meeting, Molinelli and Flynn agreed to pretend to be patients who had suffered physical injuries while at work.

On December 22, 1995, Molinelli saw the doctor and told him that he had suffered injuries on the job at Sunnydale. Molinelli complained of pain in his back, neck, and right knee. The doctor performed a physical examination, took x-rays, gave Molinelli a muscle relaxant, and advised Molinelli to start physical therapy. Molinelli returned to the doctor's office on several occasions. He told the doctor that he was still in pain and asked the plaintiff for disability notes.

On April 26, 1996, Molinelli returned to the plaintiff's office with Farrell, who is a medical case worker for worker's compensation claims at Atlantic. The doctor told Molinelli and Farrell that Molinelli could return to light duty. Farrell responded that Molinelli's job did not entail any light duty.

The plaintiff alleges that Flynn participated in the conspiracy by claiming that she had been hit by a bus on March 14, 1996, and by complaining to the doctor about injuries to her back and left hip. The plaintiff alleges that Postal Service supervisor John Doe approved Flynn's conduct.

On May 7, 1996, Barrio visited the doctor and told the doctor that his name was Joseph Batista, he worked at Sunnydale, and he had injured his back and neck at work the previous day. On September 11, 1996, Barrio returned to the doctor's office with Farrell. The doctor told Barrio that he should try to return to light work, but Farrell told the doctor that no such work was available. The doctor told Barrio that he should return to his usual work.

Although the complaint is vague, the plaintiff seems to allege that Barrio committed perjury when he applied for an arrest warrant on May 16, 1997. The plaintiff also appears to claim that the D.A.'s Office suborned Barrio's alleged perjury by assisting him in preparing his warrant application.

The plaintiff was arrested on May 21, 1997. That same day, Dillon allegedly told *Newsday*, " 'Lehman, 64, a Wantagh orthopedist, is shown meeting with an undercover operative who tells Lehman she was working despite being injured in an accident. You are not working as far as insurance is concerned, Lehman is heard telling the woman without performing a physical examination. Lehman gave the woman a disability form, Dillon said' " (complaint, ¶ 66). The plaintiff contends that this statement was untrue, and that the D.A.'s Office was in possession of tapes that support his contention.

The doctor claims that Algieri and Cats participated in the conspiracy by supervising and approving Barrio's actions and by monitoring and recording video and audio tapes. The plaintiff asserts that from the twenty-three videotapes that had been made in connection with the D.A.'s investigation, five did not contain any recorded images.

The plaintiff also contends that Blessinger, who is a "Special Investigator" with the NICB, also monitored the taping. The plaintiff further alleges that Blessinger telephoned the plaintiff's office impersonating Molinelli and accompanied Molinelli to the plaintiff's office on several occasions.

The plaintiff claims that the following defendants "participated in the conspiracy to set-up, entrap and frame the Plaintiff to deprive him of his civil rights": Roberts, Jaffer, Atlantic, CIGNA, Zurich, NICB, Sunnydale, the County, and the Postal Service.

The plaintiff also alleges that Barrio, Molinelli, and Flynn committed perjury when they testified before the Grand Jury. According to the plaintiff, Barrio told the Grand Jury that he was out on disability from May 1996 through March 1997, and he never saw a doctor, other than the plaintiff, during that time (*see* complaint ¶ 56). The plaintiff contends that this testimony was untruthful, because Barrio used an alias to see three other doctors during this period (*see* complaint ¶ 57).

The plaintiff asserts that, in the Grand Jury, Molinelli testified that he did not complain of neck pain when he first visited the doctor he told the doctor. The plaintiff claims that this testimony was untruthful, because at the criminal trial, Molinelli told the jury that he had complained of neck pain during his first visit to the doctor's office.

The plaintiff claims that Flynn told the Grand Jury that she did not complain of pain when the doctor moved her leg and hip in a certain manner. According to the plaintiff, this testimony was false, because audio tape-recording of Flynn's first visit to the plaintiff's office indicates that she told the doctor that her hip did hurt when he moved her leg in a particular fashion.

The plaintiff states that on March 3, 1999, after an eight-week trial, a jury acquitted him of all charges. The plaintiff contends that during the trial, the "operatives" said that they never complained of pain, discomfort, or disability during their visits to his office.

The plaintiff asserts seven causes of action. He contends:

## FIRST CAUSE OF ACTION....

71. Plaintiff was subject to a conspiracy to interfere with his civil rights in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and 28 U.S.C. § 1343.

## SECOND CAUSE OF ACTION....

73. Plaintiff was subject to unwarranted search and seizure in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 28 U.S.C. § 1343 and the 4th Amendment of the Constitution of the United States of America.

## THIRD CAUSE OF ACTION....

75. Plaintiff was subjected to malicious intention to find probable cause to indict, legal advise to commit perjury in sworn affidavit and Grand jury testimony and malicious prosecution in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 28 U.S.C. § 1343.

## FOURTH CAUSE OF ACTION....

77. Plaintiff was subjected under color of law [to] perjured testimony by law enforcement officers and a confidential informant under their control in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 28 U.S.C. § 1343.

## FIFTH CAUSE OF ACTION....

79. Plaintiff was subject to malicious falsehood in press conferences and releases in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 28 U.S.C. § 1343.

## SIXTH CAUSE OF ACTION....

81. Plaintiff was subject to loss of liberty, loss of ability to earn a living, unwarranted search and to spend huge sums of money to defend himself in a criminal prosecution in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988 and 28 U.S.C. § 1343.

## SEVENTH CAUSE OF ACTION....

83. Defendants have acted under color of law pursuant to official policy on in

conjunction with law enforcement officials in contravention of Plaintiff's constitutional and statutory rights as set forth, but not limited to, the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 28 U.S.C. § 1343.

(Complaint ¶¶ 71, 73, 75, 77, 79, 81, 83).

Presently before the Court are the following five motions: (1) the County defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R.Civ.P."); (2) the Postal Service defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6); (3) the Sunnydale defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6); (4) Zurich's motion to dismiss the complaint pursuant to Rule 12(b)(6); and (5) the Atlantic defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6).

## II. *DISCUSSION*

### A. Standard of Review

■ In addressing the defendants' motions, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir. 1993). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of his or her lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983). Indeed, District Courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Traguth,* 710 F.2d at 95 (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *See King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir. 1997). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *See Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999).

■ Turning to 42 U.S.C. § 1983, the statute governing all of the plaintiff's claims, that Section provides, in relevant part, "[e]very person who, under color of [state law] subjects, or causes to be sub-

jected, any ... person within the jurisdiction [of the United states] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or a] suit [in] equity." A violation is proven when "a person acting under color of state law deprived a plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *McDarby v. Dinkins*, 907 F.2d 1334, 1336 (2d Cir.1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). Thus, a Section 1983 claim has two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges secured by the Constitution and laws. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir.1998); *Eagleston v. Guido*, 41 F.3d 865, 872 (2d Cir.1994).

The second requirement, that the plaintiff suffer a deprivation of his rights or privileges secured by the Constitution, requires that the plaintiff specifically allege a violation of the constitution or an Act of Congress. The United States Supreme Court has held:

Standing alone, § 1983 clearly provides no protection for civil rights since, as we have just concluded § 1983 does not provide any substantive rights at all. To be sure, it may be argued that § 1983 does in some sense provide for the protection of civil rights when it authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress.

*Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 618, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

■■■■ "Also relevant to the determination of the defendants' motions to dismiss is the rule that Section 1983 imposes liability only upon those who actually cause a deprivation of rights, and thus, the 'personal involvement of [each] defendant in alleged constitutional deprivations' is a necessary element of a Section 1983 claim." *Snider v. Dylag*, 188 F.3d 51 (2d Cir.1999); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir.1999) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994)). This "personal involvement" may take the form of direct participation in the deprivation, a defendant's failure to remedy an alleged wrong after learning of it, the creation of a policy or custom of unconstitutional practices, or gross negligence in managing subordinates. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996) (citing *Wright*, 21 F.3d at 501). It is within this framework that the Court examines the seven causes of action listed in the complaint and the five 12(b)(6) motions attacking them.

## B. The First Cause of Action

■■■■ As a first cause of action, the plaintiff claims that he "was subject to a conspiracy to interfere with his civil rights" (complaint ¶ 71). Although the plaintiff does not specify in his complaint which subsection of section 1985 he believes is applicable, section 1985(3) is the only relevant subsection given the factual allegations contained in the complaint. To succeed on a claim under section 1985(3), a litigant must demonstrate, among other things, that he was the victim of a conspiracy "motivated by racial or related class-based discriminatory animus." *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir.1996); *see also Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir.1999). Here, the plaintiff does not claim that the alleged conspiracy was motived by racial or class-based animus. As such, no set of facts would entitle the plaintiff to relief, and he, therefore, fails to state a claim for conspiracy. *See Thomas*,

165 F.3d at 146; *Graham,* 89 F.3d at 82. Accordingly, the Court grants all five motions to dismiss the conspiracy cause of action.

■ In addition, to the extent that the plaintiff alleges a section 1985 cause of action against the remaining non-moving defendants, those conspiracy claims are dismissed as well. A district court may dismiss a claim *sua sponte* when the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (holding that district courts may dismiss frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have a great[ ] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* at 364. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Here, the plaintiff's conspiracy claims lack basis in law, because he has failed to allege an racial or class-based animus. *See Thomas,* 165 F.3d at 146; *Graham,* 89 F.3d at 82. As such, the Court finds that the plaintiff's conspiracy claims against the non-moving defendants are frivolous and dismisses those claims *sua sponte. See Fitzgerald,* 221 F.3d at 363; *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827. Thus, the first cause of action is dismissed in its entirety.

■ Furthermore, to the extent that the complaint alleges claims pursuant to 42 U.S.C. § 1986, those claims are dismissed as well, because a section 1986 claim must be predicated upon a valid section 1985 claim. *See Graham,* 89 F.3d at 82 (2d Cir.1996); *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1088 (2d Cir.1993) (per curiam) (a section 1986 claim must be predicated upon a valid section 1985 claim). As discussed above, the plaintiff does not have a valid section 1985 claim. Accordingly, his fails to state a section 1986 claim, *see Graham,* 89 F.3d at 82; *Mian,* 7 F.3d at 1088, and the Court *sua sponte* dismisses those claims because they fail to state a basis in law. *See Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827; *Fitzgerald,* 221 F.3d at 363.

## C. The Second Cause of Action

■ In his second cause of action, the plaintiff contends that he "was subject to unwarranted search and seizure in violation of 42 U.S.C. § 1983 ... and the 4th Amendment of the Constitution" (complaint ¶ 73). With respect to the plaintiff's allegation that he was subject to an unwarranted search, the Court finds that it must dismiss that claim *sua sponte.* The plaintiff uses the phrase "unwarranted search" under the headings for his second and sixth causes of action, but the complaint does not describe any search at all, much less an unwarranted one. Although the Federal Rules of Civil Procedure require only a "short and plain statement of the claim," Fed.R.Civ.P. 8(a), such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Rule 8(a) "is designed to permit the defendant to have a fair understanding of what plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123–24 (2d Cir.1991). Even in light of this liberal pleading standard and viewing the plaintiff's unwarranted search claim to raise the strongest arguments it suggests, *McPherson,* 174 F.3d

at 280, the plaintiffs' unwarranted search claim fails to give the defendants notice of the grounds upon which the claim is based. *See Leatherman,* 113 S.Ct. at 1163; *Ricciuti,* 941 F.2d at 123–24. As such, the claim lacks a basis in both law and fact, and the Court therefore dismisses it *sua sponte. See Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827; *Fitzgerald,* 221 F.3d at 363.

■ However, the second cause of action raises a Section 1983 false arrest claim and state law false arrest claim. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) ("A § 1983 claim for false arrest rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause."). To state a claim for false arrest, a plaintiff must show that: (1) the defendants intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not justified or privileged. *See Broughton v. State,* 37 N.Y.2d 451, 456–57, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975); *see also Posr v. Doherty,* 944 F.2d 91, 97 (2d Cir.1991).

■ The existence of probable cause is a complete defense to a false arrest claim, even where the plaintiff was ultimately acquitted of the criminal charges. *See Weyant,* 101 F.3d at 852 (citing *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994)). Probable cause is presumed when the arrest is effected pursuant to a warrant issued by a neutral magistrate. *See Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991). Probable cause is also presumed when a grand jury has handed down an indictment. *See Bernard,* 25 F.3d at 104. In cases in which the presumption of probable cause arises from the issuance of an arrest warrant, the plaintiff overcomes the presumption by making "a 'substantial preliminary showing' that the affiant

knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was 'necessary to the finding of probable cause.'" *See Golino,* 950 F.2d at 870 (quoting *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). In cases in which the presumption of probable cause arises from an indictment, the plaintiff overcomes the presumption "by a showing that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Bernard,* 25 F.3d at 104; *see also Green v. Montgomery,* 219 F.3d 52, 59 (2d Cir.2000).

In this case, the plaintiff claims that he was falsely arrested. However, it appears from the complaint that the plaintiff was arrested pursuant to a warrant and was subsequently indicted by the Grand Jury. Thus, probable cause is presumed. *See Bernard,* 25 F.3d at 104; *Golino,* 950 F.2d at 870. Yet, the crux of the plaintiff's complaint is that the arrest warrant was invalid, because it was based on Barrio's false statements. Similarly, the plaintiff contends that the indictment was invalid, because it was based on the allegedly false testimony provided of Molinelli, Flynn, and Barrio. Furthermore, the plaintiff claims that District Attorney Dillon, A.D.A. Quigley, A.D.A. Emmons, and A.D.A. Kornblau approved the perjury that led to his arrest, and that the County is liable for the conduct of its employees.

■ Postal Service defendant Doe, the Sunnydale defendants, the Atlantic defendants, and Zurich argue that the false arrest claim should be dismissed as against them because the plaintiff has failed to allege that they were directly and personally involved. The Court finds that the complaint does not contain allegations of these defendants' direct and personal in-

volvement in the conduct that is the basis for the false arrest claim. *Snider,* 188 F.3d at 51; *Blyden,* 186 F.3d at 264. In fact, the complaint barely mentions these defendants except to state that some of them attended a meeting, or "participated in the conspiracy," or were in supervisory positions. Accordingly, those motions to dismiss the false arrest claim are granted.

The Court further finds that the complaint fails to contain allegations that the following defendants were directly and personally involved in the conduct that formed the basis for the false arrest claim: Algieri, Cats, Roberts, Farrell, Jaffer, Blessinger, CIGNA, and NICB. Accordingly, the Court *sua sponte* dismisses the false arrest claims as to those defendants as well. *Snider,* 188 F.3d at 51; *Blyden,* 186 F.3d at 264. For the sake of clarity, the Court notes that the false arrest claims and the Section 1983 false arrest claims remain as to Kornblau, Dillon, Quigley, Emmons, Barrio, Molinelli, Flynn, the County of Nassau, and the Postal Service.

**D. The Third Cause of Action**

█ In his third cause of action, the plaintiff alleges that he "was subjected to malicious intention to find probable cause to indict, legal advise to commit perjury in sworn affidavit and Grand Jury testimony and malicious prosecution in violation of 42 U.S.C. § 1983" (complaint ¶ 75). The Court construes this cause of action as one for malicious prosecution under state law and under Section 1983. The elements of a cause of action for malicious prosecution are " '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice.' " *Smith–Hunter v. Harvey,* 95 N.Y.2d 191, 195, 712 N.Y.S.2d 438, 440–41,

734 N.E.2d 750 (2000) (quoting *Broughton v. State,* 37 N.Y.2d 451, 457, 373 N.Y.S.2d 87, 335 N.E.2d 310).

As with false arrest, a showing of probable cause will defeat the claim. However, the plaintiff's complaint cannot be dismissed on that ground, because as noted above, the validity of the probable cause was the basis of the arrest warrant and the legitimacy of the Grand Jury proceedings are the heart of the plaintiff's case. Thus, for the reasons stated above (*see supra* ¶ II.C. (explaining that a plaintiff may overcome the presumption of probable cause that arises with the issuance of an arrest warrant or true bill by demonstrating that the warrant was based on false statements of an affiant who demonstrates reckless disregard for the truth and the true bill was based on perjured testimony)), the Court finds that the plaintiff has stated a claim for malicious prosecution.

█ However, the plaintiff has not stated a malicious prosecution claim against all of the defendants. Postal Service defendant Doe, the Sunnydale defendants, the Atlantic defendants, and Zurich argue that the malicious prosecution claim should be dismissed as against them because the plaintiff has failed to allege that they were personally involved. Indeed, the complaint does not allege facts that even suggest that these defendants were directly or personally involved in the commencement or continuation of the criminal proceedings. Accordingly, the Court grants their motions, and the malicious prosecution and Section 1983 malicious prosecution claims are dismissed as against Doe, the Sunnydale defendants, the Atlantic defendants, and Zurich. *Snider,* 188 F.3d at 51; *Blyden,* 186 F.3d at 264.

The Court further finds that the complaint fails to allege that the following

defendants were directly and personally involved in commencing or continuing the criminal proceeding against the plaintiff: Farrell Algieri, Cats, Roberts, Jaffer, Blessinger, CIGNA, and NICB. Accordingly, the Court *sua sponte* dismisses the malicious prosecution and Section 1983 malicious prosecution claims as to those defendants as well. *Snider,* 188 F.3d at 51; *Blyden,* 186 F.3d at 264. For the sake of clarity, the Court notes that the malicious prosecution and the Section 1983 malicious prosecution claims remain as to Kornblau, Dillon, Quigley, Emmons, Barrio, Molinelli, Flynn, the County of Nassau, and the Postal Service.

### E. The Fourth Cause of Action

■ As a fourth cause of action, the plaintiff contends that he "was subjected under color of law [to] perjured testimony by law enforcement officers and a confidential informant under their control" (complaint ¶ 79). The plaintiff alleges two instances of perjury: (1) Barrio committed perjury in his affidavit in support of the warrant application; and (2) Barrio, Flynn, and Molinelli provided perjured testimony to the Grand Jury. In this allegation that he is the victim of perjury, the plaintiff has not stated a cognizable cause of action under state law or Section 1983. Accordingly, the plaintiff's fourth cause of action is dismissed in its entirety.

### F. The Fifth Cause of Action

In his fifth cause of action, the plaintiff alleges that he "was subject to malicious falsehood in press conferences and releases." In particular, the plaintiff claims that on May 21, 1997, the date of his arrest, defendant Dillon, the District Attorney for Nassau County, and A.D.A. Komblau, issued the following statement to Newsday: " 'Lehman, 64, a Wantagh orthopedist, is shown meeting with an undercover operative who tells Lehman she was working despite being injured in an accident. You are not working as far as insurance is concerned, Lehman is heard telling the woman without performing a physical examination. Lehman gave the woman a disability form, Dillon said' " (complaint ¶ 66). The doctor contends that this statement was false, and that D.A.'s Office possessed tapes that support the doctor's contention. Under the title, "Sixth Cause of Action," the plaintiff contends that, as a result of the defendants' actions, he suffered loss of liberty and the ability to earn a living.

■ Generally, defamation is not actionable under Section 1983. *See Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976). However, a section 1983 claim may lie when the false and stigmatizing statements, made by the government, are accompanied by a tangible injury to the victim of the statements. *Id.* The Second Circuit has interpreted *Paul.* "as holding that 'stigma plus' is required to establish a constitutional deprivation." *Neu v. Corcoran,* 869 F.2d 662, 667 (2d Cir.1989). A sullied reputation is insufficient for deprivation of a liberty interest. *Valmonte v. Bane,* 18 F.3d 992, 1001 (2d Cir.1994). Rather, the plaintiff must also allege the "plus," which may be "significant damage to a person's employment opportunities [or] dismissal from a government job or deprivation of some other legal right or status." *Neu,* 869 F.2d at 667.

■ Here, the plaintiff alleges that Dillon and Kornblau made a false statement that deprived the doctor of an ability to make a living, and that they were employees of the County, which had a custom or policy of violating constitutional rights. Thus, the plaintiff has stated a state law claim for defamation and a Section 1983 claim for foreclosure from employment by

defamatory statements of a government employee. However, the plaintiff has only alleged these claims with respect to Dillon, Kornblau, and the County, and does not mention any of the other defendants in connection with the allegedly defamatory statements. Because the complaint does not allege that defendants other than Dillon and Kornblau were directly and personally involved in making the allegedly defamatory statement that purportedly deprived the doctor of an ability to make a living, the Court dismisses the fifth cause of action as against Quigley, Emmons, Barrio, Molinelli, Algieri, Cats, Flynn, Doe, Roberts, Jaffer, Farrell, Blessinger, Stasca, Atlantic, CIGNA, Zurich, NICB, Sunnydale, and the Postal Service.

## G. The Sixth Cause of Action

■ The sixth cause of action provides that the plaintiff was "subject to loss of liberty, loss of ability to earn a living, unwarranted search and to spend huge sums of money to defend himself in a criminal prosecution." Viewing this claim in the light most favorable to the plaintiff, the Court construes this claim it as a cause of action for entrapment. Although the substantive due process protections of the Fourteenth Amendment protect citizens from deprivations of life, liberty or property; governmental abuse; and unfairness or oppression caused by official behavior, *see Daniels v. Williams,* 474 U.S. 327 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), entrapment is not a constitutional offense, *see DiBlasio v. City of New York,* 102 F.3d 654, 656–57 (2d Cir.1996) (citing *Hampton v. United States,* 425 U.S. 484, 488–91, 96 S.Ct. 1646, 1649–51, 48 L.Ed.2d 113 (1976)) (plurality); *cf. Lewis v. Meloni,* 949 F.Supp. 158, 161–62 (W.D.N.Y.1996) (holding that Section 1983 entrapment claim survives motion for summary judgment, because the plaintiff, in essence, claimed that the police planted evidence on him).

" 'While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation.' " *Id.* (quoting *Jones v. Bombeck,* 375 F.2d 737, 738 (3d Cir.1967) (per curiam)). Because entrapment is not a violation of the plaintiff's constitutional rights, it is not a cognizable cause of action under section 1983. *See DiBlasio,* 102 F.3d at 656–57. Accordingly, to the extent the plaintiff makes a section 1983 entrapment claim, that claim is dismissed as failing to state a basis in law. *See Fitzgerald,* 221 F.3d at 363; *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827.

## H. Seventh Cause of Action

In his seventh cause of action, the plaintiff alleges that "[d]efendants have acted under color of law pursuant to official policy or in conjunction with law enforcement officials in contravention of Plaintiff's constitutional and statutory rights as set forth, but not limited to, the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 28 U.S.C. § 1343" (complaint ¶ 83). This cause of action essentially repeats the claims in the first, second and third causes of action, which are for conspiracy, false arrest, and malicious prosecution, respectively. Because the seventh cause of action fails to state a claim that is separate and distinct from other claims in the complaint, this cause of action is dismissed in its entirety.

## I. Immunity

County defendants Dillon, Kornblau, Emmons, and Quigley move to dismiss the complaint on the ground that they are entitled to absolute prosecutorial immunity and, in any event, qualified immunity. The federal defendants claim that they are entitled to sovereign immunity and, in any

event, qualified immunity. The Sunnydale and Atlantic defendants move to dismiss the claim on the ground that they are entitled to immunity under New York Insurance Law § 406.

Prior to addressing the claims of immunity, it helpful to review which claims and defendants remain in the case. The Court has found that the plaintiff has stated the following claims: (1) as the second cause of action, a Section 1983 false arrest claim against Molinelli, Flynn, Barrio, Dillon, Quigley, Emmons, Kornblau, the County of Nassau, and the Postal Service; (2) as the third cause of action, a Section 1983 malicious prosecution claim against Molinelli, Flynn, Barrio, Dillon, Quigley, Emmons, Kornblau, the County of Nassau, and the Postal Service; and (3) as the fifth cause of action, a Section 1983 defamation claim against Dillon, Kornblau, and the County of Nassau. Because the case against the insurance companies and their employees has been dismissed, it is unnecessary for the Court to address their assertions of immunity.

## 1. The prosecutors

County defendants Dillon, Kornblau, Emmons, and Quigley move to dismiss the complaint on the grounds that they are entitled to absolute immunity and, in any event, qualified immunity. "It is well settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 530 (2d Cir.1993) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). The "judicial phase of the criminal process" encompasses not only the actual trial, but also all actions that a prosecutor takes "in preparing for the initiation of judicial proceedings . . . and which occur in the course of his

role as an advocate for the State." *Kalina v. Fletcher,* 522 U.S. 118, 126, 118 S.Ct. 502, 508, 139 L.Ed.2d 471 (1997).

Thus, protected prosecutorial conduct includes deciding which charges to bring against a defendant, *see Ying Jing Gan,* 996 F.2d at 530, the presentation of evidence to a grand jury, *see Barrett v. United States,* 798 F.2d 565, 571–72 (2d Cir.1986), and the preparation of witnesses and evidence for trial. See Kalina, 522 U.S. at 126–27, 118 S.Ct. at 507–08. However, prosecutors do not have absolute immunity for actions taken outside the prosecutor's role as an advocate. *See Dory v. Ryan,* 25 F.3d 81, 82 (2d Cir.1994); *Barbera v. Smith,* 836 F.2d 96, 100 (2d Cir. 1987). "Thus, when a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest—that is, when he performs functions normally associated with a police investigation—he loses his absolute protection from liability." *Richards v. City of New York,* 1998 WL 567842 *2 (S.D.N.Y. 1998) (citing *Burns v. Reed,* 500 U.S. 478, 493, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)).

Here, the complaint essentially alleges that the prosecutors planned a sting operation, suborned the perjury that led to the arrest warrant and the indictment and made false statements to the press. Save the allegations with respect to the prosecutors' presentation of evidence to the Grand Jury, all of the prosecutors' challenged activities are investigative or administrative activities for which only qualified immunity is available. *See Liffiton v. Keuker,* 850 F.2d 73, 76 (2d Cir.1988). Thus, Quigley, Dillon, and Kornblau are entitled to absolute immunity for the presentation of evidence in the Grand Jury. *See Barrett,* 798 F.2d at 571–72.

■ Qualified immunity applies to the discretionary functions of state officials if their conduct does not violate "clearly established" statutory or constitutional rights of which "a reasonable person would have known." *See Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, "public officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Weyant,* 101 F.3d at 857 (citing *Anderson v. Creighton,* 483 U.S. 635, 638–39, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987)). Here, the Court finds that neither the plaintiff nor the defendants Quigley, Dillon and Kornblau have provided the Court with sufficient detail regarding the defendants' alleged conduct for the Court to properly decide "whether 'a reasonable officer could have believed' his action 'to be lawful, in light of clearly established law and the information [he] possessed.'" *Id.* (citing *Anderson,* 483 U.S. at 641, 107 S.Ct. at 3039–40); *see generally Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir.1998) (holding that affirmative defense such as qualified immunity may be decided on 12(b)(6) motion to dismiss the complaint if the defense appears on the face of the complaint). Accordingly, the defendants' motion to dismiss the complaint on the basis of qualified immunity is denied with leave to renew at the completion of discovery.

## 2. The Postal Service defendants

The remaining Postal Service defendants, Flynn and the Postal Service, claim that they are entitled to sovereign and qualified immunity. The plaintiff's claims for damages against the Flynn in her official capacity and the Postal Service are essentially claims against the United States and will be barred by the doctrine of sovereign immunity unless the plaintiff can demonstrate that Congress has unequivocally waived the immunity of the United States. *See Keene Corp. v. United States,* 700 F.2d 836, 840–41, 845 n. 13 (2d Cir.1983). Here, the plaintiff could rely on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, *et. seq.,* which allows the United States to be sued for damages arising out of the tortious acts of federal employees within the scope of their employment, 28 U.S.C. § 2679(b), provided that the tortious acts are within the scope of the statute, 28 U.S.C. §§ 2679, 2680, and that the plaintiff has exhausted his administrative remedies, 28 U.S.C. § 2675. Here, neither the plaintiff nor the defendant addresses the requirements of the FTCA.

The plaintiff also seeks damages against Flynn in her individual capacity for alleged violations of his constitutional rights under 42 U.S.C. § 1983, which is limited to state actors and does not apply to federal employees. However, because the plaintiff is proceeding *pro se,* this Court will construe his section 1983 civil rights claim as the analogous claim applicable to federal actors under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994); *Liffiton v. Keuker,* 850 F.2d 73, 78 (2d Cir.1988) (finding that section 1983 action against federal defendants in the individual capacities may be entertained as a *Bivens* action which is not barred by sovereign immunity); *Daloia v. Rose,* 849 F.2d 74, 75 (2d Cir.1988) (construing pro se section 1983 action as Bivens action against federal defendants).

"It is axiomatic that sovereign immunity will not bar a Bivens action against a federal official in his individual capacity, *Liffiton v. Keuker,* 850 F.2d 73, 78 (2d Cir.1988), unless the federal action demon-

strates that Bivens should not be extended to provide damages for a particular constitutional violation because 'special factors counsel[ ] hesitation [in judicially creating a remedy] in the absence of affirmative action by Congress' or because 'Congress has created an equally effective, alternative remedy, such as the FTCA.'" *Robinson v. Overseas Military Sales Corp.*, 827 F.Supp. 915, 925 (E.D.N.Y.1993). Again, neither the plaintiff nor the Postal Service defendants have addressed this issue. The Court finds that it has not been presented with the facts necessary to decide the question of sovereign immunity at this stage of the litigation. Accordingly, the Court denies the motion to dismiss the complaint on the ground of sovereign immunity with leave to renew at the completion of discovery.

Turning to Flynn's claim that she is entitled to qualified immunity for the claims brought against her in her individual capacity, the Court is constrained to deny Flynn's motion at this stage of the litigation. As with the County defendants, neither party has provided the Court with the details necessary to determine whether Flynn was performing a discretionary function and, if so, whether her "conduct violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see Zahrey v. Coffey,* 221 F.3d 342, 347 (2d Cir.2000). Accordingly, Flynn's motion to dismiss on the ground of qualified immunity is denied with leave to renew at the completion of discovery. *See Pani,* 152 F.3d at 74.

### III. *CONCLUSION*

Having reviewed the parties submissions, it is hereby

**ORDERED,** that the motions by the County defendants and the Postal Service defendants to dismiss the complaint are **GRANTED** in part, and **DENIED** in part; and it is further

**ORDERED,** that the motions by the Sunnydale defendants, Zurich, and the Atlantic defendants to dismiss the complaint are **GRANTED,** and it is further

**ORDERED,** that the first cause of action is dismissed in its entirety; and it is further

**ORDERED,** that the second cause of action is dismissed as to defendants Doe, Sunnydale, Stasca, Farrell, Zurich, Algieri, Cats, Atlantic, Roberts, Jaffer, Blessinger, CIGNA, and NICB; and it is further

**ORDERED,** that the third cause of action is dismissed as to Doe, Sunnydale, Stasca, Farrell, Zurich, Algieri, Cats, Atlantic, Roberts, Jaffer, Blessinger, CIGNA, and NICB; and it is further

**ORDERED,** that the fourth cause of action is dismissed in its entirety; and it is further

**ORDERED,** that the fifth cause of action is dismissed as to Quigley, Emmons, Barrio, Molinelli, Algieri, Cats, Flynn, Doe, Roberts, Jaffer, Farrell, Blessinger, Stasca, Atlantic, CIGNA, Zurich, NICB, Sunnydale, and the Postal Service; and it is further

**ORDERED,** that the sixth cause of action is dismissed in it entirety; and it is further

**ORDERED,** that the seventh cause of action is dismissed in its entirety; and it is further

**ORDERED,** that the remaining defendants are directed to serve and file answers on or before March 29, 2001, and it is further

**ORDERED,** that the parties are to report to United States Magistrate Judge

William D. Wall to proceed with discovery forthwith.

**SO ORDERED.**