104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lawrence R. ROSANO, Plaintiff-Appellant,
v.
ADELPHI UNIVERSITY; Joseph Crafa, Dean of Students of
Adelphi University; Nicholas Manobianco, Adelphi University
Security; Incorporated Village of Garden City; Garden City
Police; The County of Nassau, Nassau County Police
Department; Officer Ted Sigwart, Badge No. 108, of Garden
City; Officer Wayne Vogel, Badge No. 117, of Garden City;
Officer K. Jackson, Badge No. 150, of Garden City; Officer
G. Beckett, Badge No. 104, of Garden City; Sgt. Sullivan,
Bade No. 33, of Garden City; Capt. Ginhardt, of Garden
City; Officer DiPaulo, Badge No. 37, of Garden City;
Officer Thorn, Badge No. 139, of Garden City; Officer
Fitzpatrick, Badge No. 32, of Garden City; Board; Nassau
County Diwstrict Attorney Office; Denis Dillon, District
Attorney of Nassau County; Margaret Hurst, Asst. District
Attorney of Nassau County; Joy Watson, Asst. District
Attorney of Nassau County; Judge Geoffrey O'Connell, of
Nassau County District Court; Judge Mark Mogil, of the
Nassau County District COurt; Nassau County District Court,
First District, Defendant-Appellees.
Henry Wilson; Garland Mercer; Richard Marston; Glen
Urshel; Andrew Davis; Edwin Miller and Thomas
Cox, Defendants.
 No. 95-6250.
 United States Court of Appeals, Second Circuit.
 Nov. 25, 1996.
 
 E.D.N.Y.
 AFFIRMED.
 APPEARING FOR APPELLANT: Lawrence R. Rosano, pro se, Elmont, NY.
 APPEARING FOR APPELLEES ADELPHI UNIVERSITY, JOSEPH CRAFA, AND NICHOLAS MANOBIANCO: Edward M. Fogarty, Fogarty & Fogarty, Mineola, NY.
 APPEARING FOR APPELLEE VILLAGE OF GARDEN CITY: Nancy Cifone, Corrado & Cifone, Great Neck, NY.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued.
 Plaintiff-appellant Lawrence R. Rosano appeals pro se from a judgment entered in the United States District Court for the Eastern District of New York (Amon, J.) after a jury trial, and from an order denying a motion for a new trial.
 
 
 1
 Rosano at one time was employed by the United States Navy as a civilian engineer. Upon dismissal from the Navy, Rosano brought six lawsuits against the United States, each of which was decided against him. While these suits were in the appeal process, Rosano entered a paralegal training program at defendant-appellee Adelphi University. Once his student status expired, Rosano continued using the library and word processing facilities at Adelphi in pursuit of his several legal actions before various federal courts.
 
 
 2
 In March of 1986, Rosano was detained by Adelphi security officers on a charge of harassing some Adelphi students. As a result of this charge, Rosano was issued a persona non grata letter, which prohibited him from being on Adelphi property. On seven separate occasions, Rosano was found on campus by Adelphi security officers. He was detained, removed and charged with trespass on each occasion. One of the reasons advanced by Rosano for being on campus was that he needed to use the law library to pursue federal court actions raising constitutional challenges to abortion and contraception. He subsequently was convicted on seven trespass violations.
 
 
 3
 On March 20, 1987, Rosano filed a complaint in the district court. The complaint, as twice amended thereafter, included various causes of action relating to Rosano's arrests for trespassing, including several constitutional claims and claims of a conspiracy between Adelphi security officers and the Garden City police to use excessive force in effecting four of the arrests. The original complaint named some 31 defendants. After numerous dismissal motions were granted, the list of defendants was reduced to three--Adelphi, defendant-appellee Nicholas Manobianco, who was Adelphi's Director of Safety and Security, and defendant-appellee Garden City, New York. The case went to trial on December 13, 1993. On December 15th, the district court dismissed the action with respect to Adelphi and Garden City. On December 16th, the jury returned a verdict for Manobianco. Rosano moved for a new trial, and the district court denied the motion. On appeal, Rosano advances a number of arguments.
 
 
 4
 Rosano claims that he should have been granted a new trial because Garden City's attorney asked an improper question relating to his incarceration. We disagree. Although an improper question was asked, the district court minimized the prejudicial effect of the question by immediately ordering the question struck from the record. Thus, the challenged statement does not provide a basis for disturbing the jury verdict. See Smith v. Lightning Bolt Prod., Inc., 861 F.2d 363, 370 (2d Cir.1988).
 
 
 5
 Rosano also contends that the district court erred in holding that he had forfeited his challenge to the acting under color of state law jury instruction. We have held that "[a]bsent objection, an error [in the jury instructions] may be pursued on appeal only if it is 'plain error' that may result in a miscarriage of justice, or in 'obvious instances of ... misapplied law.' " Metromedia v. Fugazy, 983 F.2d 350, 363 (2d Cir.1992) (quotation omitted), cert. denied, 508 U.S. 952 (1993). In the present case, there was no plain error or misapplication of law. In fact, the jury instruction set forth the proper standard for finding liability on the part of a private actor acting in concert with state officials. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-52 (1970). Therefore, we reject this claim.
 
 
 6
 With respect to Rosano's constitutional claims against the Adelphi defendants, the district court properly held that these claims, except as to conspiracy, must fail because the defendants are not state actors. See, e.g., Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156-57 (1978); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974). As to the conspiracy claims, private parties cannot be liable under 42 U.S.C. § 1983 unless they conspire with a person acting under color of state law to deprive the plaintiff of a constitutional right. Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir.1995), cert. denied, 116 S. Ct. 1676 (1996). However, Rosano had no constitutional right to be on the property of Adelphi, a private university. Accordingly, the district court prior to trial properly dismissed all of Rosano's claims, except the claim that the Adelphi defendants conspired with state officials to use excessive force against him.
 
 
 7
 Rosano argued in his post-trial motion, and now argues on appeal, that the district court erred in providing the jury with a written copy of its instructions for use during deliberations. Our examination of the record reveals that this argument was not raised until the motion for a new trial was made, nearly one month after the jury reached its verdict. Because Rosano failed to object to the delivery of a written copy of the instructions at the time the copy was provided, we review for plain error. See United States v. Delano, 55 F.3d 720, 732 (2d Cir.1995). We think that the delivery of written text to the jury was appropriate in this case and that Rosano "cannot demonstrate any error, let alone surmount the higher plain error standard." Id.
 
 
 8
 We have considered all the other arguments advanced by Rosano and find no merit in any of them.