John GRANITO, Plaintiff,

v.

Sgt. Daniel TISKA, Deputy Sheriff, Delaware County Sheriff Department, in his Individual and Official Capacity; The County of Delaware, New York; Thomas E. Mills, as Sheriff of Delaware County; Hon. Glen R. George, Town Justice, Town of Middletown Justice Court; V.W. Parts, Inc.; VWP, Inc.; William W. Hrazanek, Individually and as President and Chair of the Board and Owner of V.W. Parts, Inc. and VWP, Inc.; and Richard LoGuidice, Defendants.

No. 00–CV–1892.

United States District Court, N.D. New York.

Dec. 12, 2001.

Lewis B. Oliver, Jr., Oliver, Oliver Law Firm, Albany, NY, for John Granito, Plaintiff.

Frank W. Miller, Offices of Frank W. Miller, East Syracuse, NY, for Daniel Tiska, County of Delaware, Thomas E. Mills, Defendants.

Christine K. Krackeler, D'Agostino, Krackeler Law Firm, Menands, NY, for Glen R. George, Defendant.

Peter J. Hickey, Gerstenzang, O'Hern Law Firm, Albany, NY, for V W Parts Inc., VWP, Inc., William W. Hrazanek, Defendants.

## DECISION & ORDER

MCAVOY, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and New York State common law alleging unreasonable seizure of the person, false arrest, and malicious prosecution without probable cause in violation of the Fourth Amendment and New York State common law. Plaintiff further alleges a conspiracy to falsely arrest him and maliciously prosecute him in violation of the Fourth Amendment. Plaintiff also alleges retaliation for the exercise of his First Amendment right to engage in political speech. Finally, Plaintiff alleges an abuse of process by defendants Hrazanek and LoGuidice.

Defendant Hon. Glen R. George moves for summary judgment on the grounds of judicial immunity. Sgt. Theodore Tiska[1] moves for summary judgment on the claims against him on the basis of qualified immunity. Sheriff Mills moves to dismiss the action against him on the basis that no claims are pled against him and that he was not the Sheriff at the time of the

---

1. The parties agree that Sgt. Daniel Tiska was incorrectly named in the complaint and that the correct party is Sgt. Theodore Tiska. County 7.1 Stat. ¶ 1; Pl. Response to County 7.1 Stat. ¶ 1. Thus, for purposes of this decision, the Court will refer to Sgt. Theodore Tiska as "Sgt. Tiska" or "Defendant Tiska."

alleged events. The County and the Sheriff's Department move to dismiss for failure to allege any claims against them in the complaint. Defendants Hrazanek, V.P. Parts, Inc, and VPS, Inc. move for summary judgment based on the failure to allege a claim on which relief can be granted. Plaintiff cross-moves for discovery pursuant to Rule 56(f) [2] and the opportunity to amend his complaint. The Court will address each of these claims.

## Background Facts

Many of the facts of this case are not disputed. Where there are disputes, Plaintiff's version of the facts are repeated here. *See Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989) (Court must resolve all ambiguities and draw all inferences in favor of the non-moving party).

At the time of the events alleged, the Village of Fleischmann was embroiled in a battle over the use of certain property as a car junk yard. Edwards Aff., Pl.Ex. "C." Plaintiff was the Mayor of the Village of Fleischmann at that time. Def. County 7.1 Statement ¶ 3. Defendant Hrazanek, as proprietor of V.W. Parts and VWP, was the leasee of the property in question. Hrazanek Aff. ¶ 3. Defendant LoGuidice was the record owner of the property. *Id.*

Plaintiff, in his capacity as Mayor, received a letter from the New York State Department of Health requesting that he investigate Defendant Hrazanek's property for violations of the state health code. Pl.Ex. "C", letter from State. Specifically, it was stated by the Department of Health that a complaint had been filed alleging that junk cars were being kept within 250 feet of two Village wells. Edwards Aff.

It appears that Village officials had experienced some difficulty in the past when attempting to inspect the V.W. Parts property. *See* Bourdon Aff.; Williams Aff. Thus, Mr. Granito called the Delaware County Sheriff's Department, explained the situation, and asked that someone from the Sheriff's Department be sent to accompany him on the inspection. Pl. 7.1 Stat. ¶ 14; County 7.1 Stat. ¶ 3. Deputy Sheriff Tiska met the Plaintiff and Henry Williams, the Village Code Enforcement Officer ("Williams") at the V.W. Parts property. Pl. 7.1 Stat. ¶ 14; County 7.1 Stat. ¶ 3. Plaintiff alleges that when he met Sgt. Tiska, he provided Tiska with the letter from the New York State Health Department, the state health regulations requiring him as Mayor to inspect Village wells, and a copy of the Village Board Resolution appointing the Mayor of the Village as a health inspection officer. Pl. 7.1 Stat. ¶ 14; Williams Aff. ¶ 6; Pl.Aff. ¶ 18.[3] Plaintiff and Mr. Williams attempted to enter the site through the Depot Street gate entrance pursuant to the Village right-of-way for the well inspection. Pl.Aff. ¶ 14; Williams Aff. ¶ 5. The entrance was surrounded by a gate that was locked. The lock was not placed there by the Village. The gate had slats in it preventing Plaintiff and Mr. Williams from seeing the area or visually inspecting it. Pl.Aff. ¶ 15; Williams Aff. ¶ 5. Consequently, Plaintiff and Mr. Williams followed Sgt. Tiska to the main entrance of V.W. Parts to wait for defendant Hrazanek. Pl.Aff. ¶ 20.

At some point a reporter for the *Mountain Eagle Newspaper* arrived. Pl. Response to County 7.1 ¶ 4. All of these events were videotaped from a window

---

**2.** The Court notes that no Rule 16 conference, and no discovery, has taken place in this case at this time.

**3.** Sgt. Tiska denies that Plaintiff was able to provide him with any authority for the inspection of the wells. County 7.1 Stat. ¶ 5.

across the street. *See* Pl.Ex. "D", Videotape of events; Aff. Armeno ¶¶ 1–3. When Mr. Hrazanek arrived, he demanded that Sgt. Tiska arrest Plaintiff, Mr. Williams, and Ms. Adami, the reporter, for trespass. County 7.1 Stat. ¶¶ 4, 6.[4] Plaintiff offered to show Mr. Hrazanek the authority to inspect the wells, but Mr. Hrazanek said that he did not need to see the papers. Pl. 7.1 Stat. ¶ 15. Sgt. Tiska asked Plaintiff and Mr. Williams to leave. They did so immediately. Pl.Aff. ¶ 25; Williams Aff. ¶ 15.

It appears that Sgt. Tiska did not leave immediately, but rather stayed behind to talk to Defendant Hrazanek. Williams Aff. ¶ 16; Ex. "D", video of time after Plaintiff left. Sgt. Tiska filed an incident report regarding the events. Plaintiff alleges that it contains several omissions. Pl. 7.1 Stat. ¶ 17.

On or about June 10, 1998, Defendant Hrazanek swore out a criminal information charging the plaintiff with trespass. Hrazanek 7.1 Stat. ¶ 26; Pl. 7.1 Stat. ¶ 20. For some reason, the criminal information was not filed in the Village of Fleischmann's Village Court, but rather, it was filed in the Town of Middletown Town Court. Defendant George issued a warrant for Plaintiff's arrest based on the criminal information and the incident report. George. Aff. ¶ 2. Plaintiff was called by Sgt. Tiska and told to appear in the Middletown Justice Court pursuant to the arrest warrant. Pl.Aff. ¶ 30. Plaintiff appeared before Defendant George. At that time, the charges were changed from trespass, a violation, to criminal trespass in the third degree, a misdemeanor. Pl.Aff. ¶¶ 34–35. Plaintiff was arraigned by Defendant George, pled not guilty, requested

counsel, and was released on his own recognizance. Pl.Aff. ¶ 30. Defendant George was a known supporter of the junk yard and Hrazanek. *See* Pl.Ex. "AA", Petition signed by Defendant George.

Plaintiff then appeared in the Village of Fleischmann's court and had the charges against him dismissed on the basis that Hrazanek could not demonstrate the requisite possessory interest. Pl.Aff. ¶ 40. Defendant LoGuidice[5] swore out a second criminal information for the same event. Pl.Aff. ¶¶ 42–43. It was supported by the deposition of Defendant Hrazanek. Pl.Aff. ¶ 43. Plaintiff alleges that this complaint was not actually signed by Defendant LoGuidice, but rather by Defendant Hrazanek. Pl. 7.1 Stat. ¶ 20; Pl.Aff. ¶ 45.[6] Sgt. Tiska's incident report was included here as well. Sgt. Tiska again called plaintiff and told him to appear in the Village of Fleischmann's court. Pl. 7.1 Stat. ¶ 21. Plaintiff appeared for the new charges before the Hon. Alexander Graves. That charge was dismissed, Justice Graves writing:

> It is clear that defendant had not only the right, but the duty, to enter upon the property for the purpose of such inspection. Accordingly, the information is dismissed on the merits.

Pl.Ex. "U", Graves Decision # 2.

Plaintiff alleges that the incidents had the effect of chilling his speech as an active opponent of the junkyard. He alleges that the events harmed his reputation and cost him re-election. He also alleges that he suffered depression and mental distress due to these incidents.

---

**4.** Plaintiff denies that there was any demand for an arrest in his presence. *See* Pl.Aff. ¶ 25.

**5.** Defendant LoGuidice has not appeared in this action to date.

**6.** In this regard, Plaintiff submits a handwriting sample of LoGuidice that Plaintiff claims does not match the writing of the criminal complaint. *See* Pl.Ex. "EE".

# I Discussion

## A. Standard for Summary Judgment

The Court applies the well-settled standard for summary judgment as it has been laid out in other cases. *Weinstock v. Columbia University,* 224 F.3d 33, 41 (2d Cir.2000); *Roman v. Cornell Univ.,* 53 F.Supp.2d 223, 232–33 (N.D.N.Y.1999). Thus, the moving party bears the initial burden of coming forward with evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See id.* at 322, 106 S.Ct. 2548. Where, as here, the non-movant asserts that additional discovery is necessary, the non-movant must set forward "the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir. 1994); *see also Hudson River Sloop Clearwater, Inc. v. Department of the Navy,* 891 F.2d 414, 422 (2d Cir.1989). As a preliminary matter, the Court notes that no discovery has been completed in this case due to the fact that these motions were filed prior to the mandatory discovery conference. Discovery was thus stayed pending the outcome of these motions. Thus, Plaintiff has met three of the four parts of the test, and need only demonstrate that he seeks facts which can reasonably be expected to create a genuine issue of material fact in order for discovery to be appropriate. With these standards in mind, the Court will consider the various motions.

## B. Defendant George—Judicial Immunity

Defendant George moves for summary judgment on the claims against him on the basis that he is entitled to absolute judicial immunity because the acts were taken in his capacity as a judicial officer.

Judicial officers are entitled to absolute immunity from damages in § 1983 claims for acts taken in their judicial capacity. *Maestri v. Jutkofsky,* 860 F.2d 50, 52 (2d Cir.1988), *cert. denied* 489 U.S. 1016, 109 S.Ct. 1132, 103 L.Ed.2d 193 (1989); *Tucker v. Outwater,* 118 F.3d 930, 932 (2d Cir.1997); *Montero v. Travis,* 171 F.3d 757, 759 (2d Cir.1999). Claims that a judicial act was done in error, done maliciously, or was in excess of authority will not defeat immunity. *Tucker,* 118 F.3d at 932 (quoting *Stump v. Sparkman,* 435 U.S. 349, 360, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Plaintiff does not dispute that the acts were taken in a judicial capacity. *See Tucker,* 118 F.3d at 932 (arraignment, setting bail, issuing warrants are judicial activities). Plaintiff argues that absolute immunity does not apply because the defendant acted outside of his jurisdiction.

Absolute immunity will not apply where the judge acts in "a clear absence of all jurisdiction." *Id.* (quoting *Stump,* 435 U.S. at 356–57, 98 S.Ct. 1099; *Bradley v. Fisher,* 80 U.S. 335, 351, 13 Wall. 335, 20 L.Ed. 646 (1871)). In determining whether there is a clear absences of jurisdiction, the Court applies a two part test. The first prong of the test is an objective standard. An action is taken in the clear absence of jurisdiction where "no reasonable judge would have thought jurisdiction proper." *Tucker,* 118 F.3d at 933 (quoting *Maestri,* 860 F.2d at 53). Thus, where the judge is "authorized by law to hear the kind of case in which he acted," immunity will apply. *Tucker,* 118 F.3d at 937 (quoting *Lopez v. Vanderwater,* 620 F.2d 1229,

1234 (7th Cir.1980)). In applying this test, a judge's jurisdiction is to be broadly construed. *Maestri*, 860 F.2d at 53 (quoting *Stump*, 435 U.S. at 356, 98 S.Ct. 1099).

■ If it is found under the first prong of the test that there is an objective absence of jurisdiction, then the Court must consider the second prong of the test, that is, what the judge actually knew or should have known regarding his own jurisdiction. *Tucker*, 118 F.3d at 933 (quoting *Maestri*, 860 F.2d at 53). Thus, immunity will still apply, even in the absence of jurisdiction, where a judge did not know and did not have reason to know that jurisdiction was lacking.

■ Plaintiff contends that the warrant could be issued only by the Village of Fleischmann's Village Court because the offense occurred within the Village. N.Y.Crim.P.L. §§ 100.55(4), 120.30(1). Defendant George contends that he was authorized to issue the warrant because the criminal information was filed in his court due to the unavailability of the Village of Fleischmann's Village Justice. Graves Aff. ¶ 2; *See* N.Y.Crim.P.L. § 120.30(2).[7] Plaintiff provides the affidavit of then Village Justice Graves which states that he knows of no reason he would have been absent, nor can he verify at this time that he was present. Graves Aff. ¶¶ 3–4. Plaintiff thus requests discovery including the deposition of Graves, and the discovery of any court records from the Village court that might determine whether Graves was absent that day. These documents, Plaintiff contends, will create an issue of fact as to whether Defendant George had jurisdiction. Plaintiff additionally requests the deposition of Defendant George in order to ascertain his beliefs regarding his jurisdiction and the basis for those beliefs. Further, Plaintiff seeks discovery regarding communications between Defendant George and Defendants Tiska and Hrazanek in order to put forward evidence on his claim of conspiracy. Finally, Plaintiff requests discovery relating to how the determination was made that the Village of Fleischmann's Court Justice was unavailable, thus causing Plaintiff's case to be heard before Defendant George.

The Court finds that discovery is necessary on this issue. This is not a case like *Maestri v. Jutkofsky* in which there was literally no authority for the town judge to act as he did. *Maestri*, 860 F.2d at 52. Nor is it clear that Defendant George was acting within his jurisdiction, or what he believed his jurisdiction to be, at the time he issued the warrant and arraigned Plaintiff. N.Y.Crim.P. § 120.30(2) gave him jurisdiction in the absence of the Fleischmann's Village Justice. Thus, the actual availability of the Village Justice at the time of Plaintiff's arrest and arraignment, as well as Defendant George's subjective belief as to the availability of the Village Justice and his reasons for those beliefs, are issues that cannot be determined at this time. Additionally, Defendant George's seemingly outspoken support of Defendant Hrazanek, coupled with the circumstances surrounding Plaintiff's arrest and prosecution, including what appears to be a last minute transfer of the matter to Defendant George's court, create a slim inference that a conspiracy could have been in the works. *See* Pl.Ex. "DD", handwritten changes to letter requesting warrant. Without any discovery as to these issues, the Court cannot rule as a matter of law that judicial immunity is appropriate.

---

**7.** This statute provides: "If, [a particular accusatory] instrument may be filed pursuant to said section 100.55 with a particular village court and such village court is not available at the time, it may be filed with the town court of the town embracing the village ..." N.Y.Crim.P.L. § 120.30(2).

Consequently, Defendant George's motion is denied.

### C. Defendant Tiska—Qualified Immunity

■■■■ Plaintiff alleges violations of the Fourth Amendment and state common law sounding in false arrest and malicious prosecution. The elements of these causes of action are the same whether brought under the Fourth Amendment or under state common law. The elements for a claim of false arrest are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Weyant v. Okst,* 101 F.3d 845, 853 (2d Cir.1996); *Broughton v. State,* 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975).

■■■■ To establish a malicious prosecution claim the plaintiff must prove the following elements:

(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, ... (4) that the prosecution terminated in plaintiff's favor, ... [and] (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.

*Rohman v. New York City Transit Auth.,* 215 F.3d 208, 215 (2d Cir.2000).

The parties do not dispute, at this time, that there was an arrest and prosecution of Plaintiff. Rather, Defendant Tiska moves for summary judgment on the basis that he had arguable probable cause to effectuate the arrest and to continue the prosecution of Plaintiff. Thus, Defendant Tiska claims that he is entitled to qualified immunity on the basis of that arguable probable cause.

### 1. Standard for Qualified Immunity

■■■■ Qualified immunity is appropriate where the defendant did not violate a clearly established right, or where reasonable officers could disagree as to the lawfulness of the defendant's actions. *Cerrone v. Brown,* 246 F.3d 194, 202 (2d Cir. 2001). The standard is an objective one, and the subjective intention of the officer is irrelevant. *Id.*

The parties here do not dispute that the right to be free from an unlawful arrest and prosecution was a clearly established right. Rather, Defendant Tiska claims that he had probable cause to effectuate the arrest and prosecution.

■■■■ It is a well settled principle of law that probable cause for the arrest and prosecution will defeat a claim for false arrest and malicious prosecution even where a person is acquitted. *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) (false arrest); *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994) (false arrest); *Rohman v. New York City Transit Auth.,* 215 F.3d 208, 215 (2d Cir.2000) (malicious prosecution under New York law requires lack of probable cause to prosecute); *Covington v. City of New York,* 171 F.3d 117, 127 (2d Cir.1999) (malicious prosecution under § 1983 requires lack of probable cause to prosecute). Where, as here, a defendant is claiming qualified immunity based on the existence of probable cause, the Second Circuit has held that "[a]rguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law." *Cerrone,* 246 F.3d at 202–203. Thus, the Court must examine whether Sgt. Tiska arguably had prob-

able cause to arrest and prosecute Plaintiff.

### The Arrest

 Sgt. Tiska contends that probable cause existed because the arrest was pursuant to a warrant issued by a judge. The law is clear that probable cause for an arrest is presumed when the arrest takes place pursuant to a valid arrest warrant issued by a neutral magistrate. *Lehman v. Kornblau*, 134 F.Supp.2d 281, 290 (E.D.N.Y.2001) (citing *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)); *Hibbard v. Gallivan*, 1999 WL 782174, at * 1 (E.D.N.Y. Sept. 15, 1999). In order to overcome the presumption, the Plaintiff must make a " 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was 'necessary to the finding of probable cause.' " *Lehman*, 134 F.Supp.2d at 290 (citing *Golino*, 950 F.2d at 870, *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Thus, Plaintiff faces a "heavy burden" in overcoming the presumption of probable cause. *Hibbard*, 1999 WL 782174, at *1 (citations omitted).

In the matter before the Court, the arrest warrant was issued pursuant to the affidavit of Mr. Hrazanek, and later, pursuant to the affidavit of Mr. LoGuidice. As supporting documentation, the incident report filed by Sgt. Tiska appears to also have been provided to the town judge.[8]

*See* George Aff. ¶ 2, ("I issued a warrant . . . based upon criminal information from the Sheriff's Department"). Plaintiff alleges that the incident report and the affidavit contained material misrepresentations of fact and that Sgt. Tiska, who was present during the incident, was aware of those misrepresentations. Specifically, Plaintiff argues that he provided Sgt. Tiska with documentation showing his authority to inspect the wells, and thus, Sgt. Tiska could not have had probable cause as to Plaintiff's criminal intent.[9] Further, Plaintiff alleges that Sgt. Tiska was aware that Plaintiff had authority to enter the land in question pursuant to the local law. Plaintiff also argues that, although he does not recall seeing any posted signs and the video tape shows no posted signs, Plaintiff was charged with trespass in violation of posted "No Trespassing" signs. Thus, Plaintiff alleges that the charges filed by Sgt. Tiska were not accurate. Finally, Plaintiff points out that the criminal information was filed in Middletown instead of in the Village of Fleischmann, despite statutory authority to the contrary, and that Sgt. Tiska stayed after the incident and talked with co-defendant Hrazanek for about twenty minutes after the incident occurred and Plaintiff had left.

 Where the "parties' versions of the facts differ markedly" summary judgment on the issue of qualified immunity is inappropriate. *Kerman v. City of New York*, 261 F.3d 229, 239–40 (2d Cir.2001) (quoting *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir.1999)); *Ying Jing Gan v. City*

---

**8.** The second criminal information, premised on the complaint of Defendant LoGuidice, was not before Defendant George, but before a different Middletown Court Judge. It is notable that despite the first complaint being dismissed by Judge Graves, the Village of Fleischmann's Court Justice, the second complaint was not brought before him to have an arrest warrant issued.

**9.** Sgt. Tiska disputes these contentions; however, since this is a motion for summary judgment all facts and inference must be construed in favor of the plaintiff. Thus, only the plaintiff's version of events is stated.

*of New York*, 996 F.2d 522, 532 (2d Cir. 1993) (summary judgment available on immunity issues only if undisputed facts).

██ Plaintiff has raised several disputed issues of material fact with regard to the underlying documents that led to the warrant being issued and to the subsequent prosecution. Plaintiff has provided enough information, in this pre-discovery phase, from which a reasonable juror could find that Sgt. Tiska did not have probable cause to effect the arrest, and that reasonable officers, possessing the same information, would not disagree on the illegality of the arrest.

Further, Plaintiff requests the following discovery relevant to the issue of qualified immunity: discovery of the conversations and communications between Sgt. Tiska and Mr. Hrazanek, the instructions to Sgt. Tiska by the Delaware County Sheriff's Department regarding the inspection, any information possessed by the Delaware County Sheriff's Department showing Plaintiff's authority for the inspection, and the investigation conducted by Sgt. Tiska to determine that the Village of Fleischmann's Court Justice was unavailable, thus causing him to file the criminal information in the Middletown Town Court. These matters are relevant to the issue of probable cause to arrest and prosecute plaintiff, consequently, defendant Tiska's motion for summary judgment is denied.

### 2. Malicious Prosecution

██ With regard to the malicious prosecution, it is notable that under New York law, "even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." *Cox v. County of Suffolk*, 780 F.Supp. 103, 108 (E.D.N.Y. 1991). In this regard, the New York Court of Appeals has noted that "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir.1996) (citing *Colon v. City of New York*, 60 N.Y.2d at 82, 468 N.Y.S.2d 453, 455 N.E.2d 1248). Plaintiff points, again, to the knowledge that Sgt. Tiska should have possessed regarding his authority to be on the V.W. Parts premises on the day in question. He further argues that even if he had not provided Sgt. Tiska all of the documentary evidence, a reasonable person would have inquired about his authority prior to continuing the prosecution. At this early stage of the case, Plaintiff has put forward enough evidence to create a question of fact as to the prosecution. In addition, the discovery requested by Plaintiff is relevant on the issue of probable cause to prosecute as well. Thus, summary judgment is denied.

### D. Defendants George, Tiska, Hrazanek—Conspiracy to Deprive of Constitutional Right (false arrest, malicious prosecution)

██ The elements of a conspiracy under 42 U.S.C.1983 are:

(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.

*Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999) (citing *Carson v. Lewis*, 35 F.Supp.2d 250, 271 (E.D.N.Y.1999); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir.1997)). While conclusory allegations are insufficient to support a claim of conspiracy, due to the secretive nature of such conspiracies, indirect evidence will be sufficient to support a claim. *Pangburn*, 200 F.3d at 72; *Dwares v. City of New York*, 985 F.2d 94, 98–99 (2d Cir.1993) (citations omitted).

■ In addition to the arguments made by Defendants Tiska and George and rejected by the Court at this time, Defendant Hrazanek claims that he cannot be subject to liability under § 1983 for conspiracy because he was not acting under color of state law, or alternatively, because Plaintiff has not alleged the deprivation of a protectable Constitutional right.

■ A § 1983 action may be brought against a purely private party by making a showing "that a person acting under color of state law ... collaborated or conspired with a private person ... to deprive the plaintiff of a constitutional right...." *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir.1980) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)); *see also American Broadcasting Cos. v. Cuomo*, 570 F.2d 1080, 1083 (2d Cir.1977). Plaintiff has put forward evidence of conversations, faxes, and other communications between Defendant Hrazanek and Defendant Tiska. Plaintiff has also put forward the evidence regarding the filing of the criminal information in the Middletown Town Court instead of the Village of Fleischmann's Village Court. Thus, Plaintiff has alleged sufficient information to entitle him to discovery on his conspiracy claim.

■ Defendant Hrazanek relies on *Rosano v. Adelphi University*, 104 F.3d 354, 1996 WL 680950 (2d Cir.1996) for his argument that Plaintiff has not successfully alleged a protectable Constitutional right. This case has no bearing here. First, in *Rosano*, the Second Circuit upheld a *jury verdict* in favor of the defendants. It is hardly precedent for a pre-discovery motion for summary judgment. Second, the Plaintiff in *Rosano* advanced the argument that he should be allowed to use the libraries at Adelphi University because he was researching Constitutional issues. *Rosano*, 1996 WL 680950, at * 1. That is not the case here. Plaintiff has provided ample evidence that he was required, by New York statute, to conduct the inspection of the wells on Defendant Hrazanek's property. *See* Graves Decision, Pl.Ex. "U". Moreover, Plaintiff's constitutional claims relate to the arrest and prosecution of Plaintiff, which Plaintiff alleges were utterly without probable cause.

While it may become apparent after discovery that there is an innocent explanation for each of the communications and other occurrences Plaintiff now alleges, at this stage of the case, Plaintiff is entitled to every inference, and thus, should be allowed to conduct discovery. This includes discovery on the claim that these actions were in retaliation for Plaintiff's exercise of his First Amendment rights.

**Defendant Hrazanek—Abuse of Process**

■ Defendant Hrazanek also moves to dismiss the claim of abuse of process on the basis that Plaintiff fails to state a claim on which relief can be granted. The three essential elements of an abuse of process claim are: (1) regularly issued process (civil or criminal); (2) an intent to do harm without excuse or justification; and (3) use of the process in a perverted manner to obtain a collateral objective. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116–17, 480 N.Y.S.2d 466, 469 N.E.2d 1324 (1984); *Labensky v. County of Nassau*, 6 F.Supp.2d 161, 176 (E.D.N.Y.1998). It is often difficult to distinguish between malicious prosecution and abuse of process. In *Labensky*, the Eastern District of New York (Gleeson, J.) stated:

> The torts of malicious prosecution and abuse of process are closely allied. While malicious prosecution concerns the improper issuance of process, '[t]he gist of abuse of process is the improper use of process after it is regularly issued.'

*Labensky,* 6 F.Supp.2d at 177 (quoting *Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir. 1994) (quoting 2 Committee on Pattern Jury Instructions, Association of Supreme Court Justices, New York Pattern Jury Instructions § 3:51 at 816 (1968))).

■ There is no dispute that defendant Hrazanek caused criminal process to be issued against Plaintiff on two occasions. Plaintiff has alleged that Hrazanek intended to cause him harm. Further, Plaintiff has put forth proof of that intent by way of the statements of Hrazanek at the Village board meetings, the statements of Hrazanek when Plaintiff attempted to show him documents regarding his right to inspect the Village wells, and the general circumstances of the animosity between these parties. Plaintiff has also alleged that the process was used for the collateral purpose of intimidating and embarrassing Plaintiff, and that it had this effect. Plaintiff alleges that his speech was chilled, and that he suffered emotional distress due to the events surrounding his arrests and prosecutions. He further alleges that he ceased to oppose the junkyard following these events. Thus, Plaintiff has put forward evidence that the purpose of the action against him was not to stop him from unlawfully trespassing, but to stiffle his opposition to the junkyard. Consequently, Plaintiff has stated a claim for abuse of process and Defendant Hrazanek's motion is denied.

### E. County of Delaware, Delaware Sheriff's Department, and Sheriff Mills—Failure to state a claim

■ The remaining County defendants move to dismiss the complaint against them on the basis that no allegations are pled against them. Additionally, Sheriff Mills moves to dismiss the complaint as against him because he was not the Sheriff at the time of the alleged occurrence. A review of the Complaint reveals no allegations against the County, Sheriff's Department of Sheriff Mills.[10] In order to state a claim, the Complaint must give the opposing party a "short and plain statement" as to the claim being asserted. FED.R.CIV.P. 8(a). The Complaint in this matter gives no notice to these defendants as to what the claims asserted against them are. Consequently, the complaint is dismissed as to these defendants.[11]

### F. Plaintiff's Cross–Motions—Leave for Discovery/Leave to Amend

Plaintiff has cross-moved pursuant to FED.R.CIV.P. 56(f) for discovery. The Court grants Plaintiff's motion as to the remaining claims of the complaint. The parties are directed to contact Magistrate Judge Sharpe to schedule a Rule 16 conference.

Plaintiff also requests leave to amend the complaint should this Court grant defendants' motions in any respect. Local Rule 7.1(a)(4) requires that a copy of the proposed amended pleading accompany any request to amend. No proposed pleading has been provided. Consequently, the request is denied, with leave to renew. Any motion to renew shall be made within thirty days of the date of entry of this Decision and Order. To the extent that Plaintiff seeks to amend the caption to reflect the parties agreement

---

10. The Court is mindful that Plaintiff could intend to bring as part of his state law claims *respondeat superior* claims against these entities; however, if Plaintiff intends to do so, such claims must be stated in the complaint.

11. Plaintiff does not contest this part of the motion. His motion papers are equally devoid of any claims against these three defendants.

that the correct party to this suit is Sgt. Theodore Tiska rather than Sgt. Daniel Tiska, that request is granted.

## II. Conclusion

For the foregoing reasons, the motions of Defendants George, Tiska, Hrazanek, V.W. Parts and VWP are DENIED with leave to renew following discovery. The motion of the County of Delaware, the Delaware County Sheriff's Department, and Sheriff Mills are GRANTED, and these parties are dismissed from the case without prejudice. Plaintiff's motion for discovery is GRANTED. Plaintiff's motion to amend the complaint is DENIED with leave to renew. Such motion to renew shall be made within thirty days of date of this Decision and Order. Plaintiff's motion to amend the caption of the complaint to reflect the correct defendant Tiska is GRANTED.

**IT IS SO ORDERED,**